Donna G. Fenk, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 11, 1979, before Judges BLATT, DISALLE and MACPHAIL, sitting as a panel of three.

*Richard J. Federowicz*, for petitioner.

*Charles G. Hasson*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, August 22, 1979:

Donna Fenk (Claimant) appeals to this Court from a decision of the Unemployment Compensation Board of Review (Board) affirming a Referee's decision denying her unemployment compensation benefits. The sole issue raised by Claimant is whether the Board's decision was based on substantial evidence. For the reasons which follow, we affirm.[1]

Claimant had been employed by Charles Lawrence Casuals (Employer) as the head of the Sportswear Department for 10 months at a wage of $2.60 per hour. Prior to July 5, 1977, Claimant worked 40½ hours per week. On that date, she informed Employer that she could not work her scheduled hours, but that she would be able to work Monday through Friday, 10:00 A.M. to 5:30 P.M.[2] Claimant testified that she requested a reduction in her hours because she was preg-

---

[1] Claimant argues that she is entitled to unemployment compensation benefits for two separate time periods—the weeks ending July 16, 23, and 30, 1977, and an indefinite period of time subsequent to July 30, 1977. The record in this case indicates that the decisions of the Referee and the Board were confined to the three week period in July. There is no indication on the record, other than Claimant's statement that her last day of work had been July 30, that Claimant was eligible for or applied for benefits for the time period after July 30. We limit our consideration and decision in this case, then, to the weeks ending July 16, 23, and 30, 1977.

[2] Claimant's previous working schedule included Monday and Thursday evenings and Saturdays.

nant. Employer's representatives testified that the reasons given by Claimant for her request were her pregnancy and her desire to spend time with her husband. Claimant also testified that she requested that her hours be reduced from 40½ to 32 per week. Janice L. Gash, Employer's vice-president, stated that Claimant asked for a reduced work week, but did not specify the number of hours she would work. Finally, Gash testified that she told Claimant she would try to help her but that she could make no promises as to the amount of time she would be offered. Claimant had presented a doctor's certificate to the Bureau of Employment Security (Bureau) which stated that Claimant was pregnant, that her delivery date was November 15, 1977, that Claimant would be permitted to work until mid-October, 1977, and that Claimant had no limitations "at this time." The certificate was dated August 15, 1977, more than a month after Claimant originally asked for reduced hours because of her pregnancy.

The Bureau denied Claimant's application for benefits on the basis that she was unavailable for suitable work as required by Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d) (Law). The Referee affirmed the Bureau's determination on the basis that Claimant was not unemployed as that term is defined in Section 4(u) of the Law, 43 P.S. §753(u),[3] and that she

---

[3] (u) 'Unemployed.'

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

was absent from available work at her own request. The Board affirmed the Referee's decision.

In unemployment compensation cases, the credibility of witnesses, the weight to be given the testimony, and the reasonable inferences to be drawn therefrom are for the Board to determine. The findings of the Referee or Board, if supported by substantial evidence and in the absence of fraud are conclusive and are binding on this Court. *Yasgur v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 33, 35, 328 A.2d 908, 910 (1974). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Balaschak v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 313, 316, 395 A.2d 638, 640 (1978). Each week of unemployment is subject to a separate claim the validity of which is determined by the conditions existing during that week. *See Hunt v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 577 582 n. 1, 302 A.2d 866, 869 n. 1 (1973). In considering each of the three weeks for which Claimant applied for benefits, we find that the Referee's findings were supported by substantial evidence and that his conclusions were correct.

During the week ending July 16, Claimant did not report for work on July 11 or July 12 because she was on her honeymoon. She was scheduled to work on July 13, but she did not report. She did work on July 15, earning $11.70. She did not work on July 14, a Thursday, or July 16, a Saturday. Both were days she normally would have been scheduled to work had she not refused to do so because of her self-imposed time limitations.

During the week ending July 23, Claimant worked July 20 and July 22 earning $10.40 each day. Of the four remaining days that week, Tuesday, July 19 was

the only one on which Claimant was available, by her standards, for work. During the week ending July 30, Claimant worked July 29 and earned $10.40. Again, she was available for work by her standards only two other days that week, July 26 and 27.

Claimant apparently believes that Employer was obligated to provide her with work during the hours she requested and that if work was not available she was entitled to unemployment benefits. Claimant is incorrect. Claimant voluntarily reduced her hours from 40½ weekly to a lesser number. Although she used her physical condition due to her pregnancy as an excuse for doing so, her own doctor certified that she was under no work limitations as late as August 15, 1977. We find, then, that Claimant voluntarily reduced her hours without cause of a necessitous and compelling nature. *See* Section 402(b)(1) of the Law, 43 P.S. §802(b)(1). Furthermore, Claimant was made aware of the fact that although Employer would try to give her work, Employer needed full-time employees for her position. It was Claimant's self-imposed limitations on her availability, especially her unwillingness to work evenings and Saturdays, and not lack of work from Employer, that caused her unemployment.[4] We hold, therefore, that Claimant voluntarily made herself unavailable for work with Employer and that the decision denying her benefits was correct.

Order affirmed.

---

[4] An individual shall be deemed partially unemployed with respect to any week during which he was employed by his regular employer and earned less than his weekly benefit rate plus his partial benefit credit, and *was employed less than customary full-time hours due to lack of work.* (Emphasis added.) 34 Pa. Code §61.1. This section is inapplicable to the case before us since full-time work with Employer was available.

### ORDER

AND NOW, this 22nd day of August, 1979, the order of the Unemployment Compensation Board of Review, dated December 8, 1977, affirming the Referee's denial of unemployment compensation benefits to Donna G. Fenk, Petitioner, is affirmed.