Thomas R. Lee, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Muratone Co., Inc., Respondents.

172

Argued April 10, 1980, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Faye R. Cohen,* with her *Alan M. Lerner, Cohen, Shapiro, Polisher, Shiekman and Cohen,* for petitioner.

*Steven R. Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for the Commonwealth, respondents.

*Lawrence Goldberg,* with him *Robert H. Dickman, Goldberg, Frankel & Dickman,* for Muratone Co., Inc., respondents.

OPINION BY JUDGE BLATT, June 11, 1980:

Thomas R. Lee (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which denied him benefits after a finding that he was discharged from his employment for willful misconduct.[1]

---

[1] Pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The claimant was employed as a painter by the Muratone Company, Inc. (employer). In December 1978 an incident occurred at a work site which led to his discharge. He claims that his discharge was actually the result of a law suit which he and other employees had instituted against the employer and he argues that the referee's findings to the contrary were based solely on hearsay. The employer maintains, however, that the claimant refused a work assignment which was within his duties and was therefore discharged.

In a discharge case based upon willful misconduct, the burden is upon the employer to prove such conduct. *Unemployment Compensation Board of Review v. Atlantic Richfield Co.*, 22 Pa. Commonwealth Ct. 511, 349 A.2d 496 (1976). Here, however, the employer's only witness at the referee's hearing was its president who, while testifying to the circumstances leading up to the claimant's discharge, frankly admitted that he had no first-hand knowledge of the alleged misconduct.[2] The claimant's case consisted only of his own

---

[2] The employer's representative testified as follows:

Q. Sir, was the claimant discharged?
A. Yes.
Q. And why was he discharged . . . ?
A. He refused a work assignment.
. . . .
Q. Did he give any reason why he was refusing this?
A. To me directly, no.
Q. To anybody?
A. It's hearsay. Yes, he did say that he wouldn't do it. He thought it was demeaning I think was the expression. I am only telling you hearsay ma'am.
Q. You do not know?
A. I only know what was told me.
. . . .
Q. So you have no first-hand knowledge as to what happened?
A. Only what's been reported to me.

testimony to the effect that he did not refuse the work assignment.

While it is the province of the fact-finder, of course, to resolve issues of credibility, it is nevertheless true that the findings must be based upon substantial competent evidence. The testimony of the employer here, however, was clearly hearsay, and being also without corroboration by any competent evidence in the record, it cannot support a finding of fact and the employer's burden of proof was not thereby sustained. *See Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

The order of the Board will be reversed.

### ORDER

AND Now, this 11th day of June, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed and the matter is remanded to the Board for computation of benefits.