Raymond H. Stackhouse, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 12, 1980, before Judges Rogers, Blatt and MacPhail, sitting as a panel of three.

*Joseph Lurie,* of counsel *Galfand, Berger, Senesky, Lurie and March,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

Opinion by Judge Blatt, February 18, 1981:

The petitioner, Raymond H. Stackhouse, seeks review of an order of the Unemployment Compensation Board of Review which denied benefits to him on the grounds that he was discharged for willful misconduct and so is ineligible under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The petitioner had been employed by Lukens Steel Company for about 33 years and had the benefit of an insured paid prescription plan for himself and his family. His wife was employed at a pharmacy where her duties included filling prescriptions under the immediate supervision of her employer, recording prescriptions pursuant to the requirements of the applicable laws and preparing billings and receipts. The petitioner signed blank claim forms which requested reimbursement from his employer's insurance company under the paid prescription plan for the cost of prescriptions which he and his wife had allegedly purchased. After an investigation, the insurance carrier discovered that the receipts which had been submitted with the petitioner's claim forms did not correspond with the records of the pharmacy and that the prescriptions for which reimbursement was claimed, as the referee found, "may not have been properly made and certainly not properly recorded by the [petitioner's] wife." The referee further found that:

[a]s a result of the fact that the [petitioner] signed the insurance forms for reimbursement for prescriptions not properly handled, the insurance carrier in question reimbursed the claimant in excess of $1,000 for benefits to which he was not entitled because of the impropriety of the filling, recordation and billing of prescriptions for himself and his family.

After Lukens Steel was informed of the results of its insurance carrier's investigation, the petitioner was discharged for falsification of records, a violation of the company's rules. The petitioner's subsequent application for unemployment benefits was denied by the Bureau (now Office) of Employment Security and, after a hearing, that determination was upheld by the referee whose findings of fact and conclusion of law

that the petitioner had been discharged for willful misconduct were adopted by the Board.

Our scope of review, when the employer, who has the burden of proving willful misconduct, has prevailed below, is to determine whether or not the Board's findings of fact are supported by substantial evidence and whether or not an error of law was committed. *Lee v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 171, 415 A.2d 456 (1980). And, although the Board's findings of fact must be affirmed if supported by substantial evidence, the decision as to the existence of willful misconduct is a question of law which must be resolved by this Court. *Pennsylvania Engineering Corp. v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 305, 405 A.2d 1387 (1979).

The petitioner contends that the findings of fact here are insufficient to support a conclusion that the petitioner is guilty of willful misconduct.

The term "willful misconduct" although not defined in the statute, has been interpreted by this Court to mean the wanton or willful disregard of the employer's interests; a deliberate violation of rules; a disregard of behavior standards which an employer can reasonably expect; or negligence such as to manifest culpability, wrongful intent or evil design or show an intentional and substantial disregard of the employer's interests or the employee's duties. *Pennsylvania Engineering Corp. v. Unemployment Compensation Board of Review, supra.*

The petitioner argues that the findings of fact do not establish willfulness or deliberateness in light of the referee's acknowledgment that "there certainly can be some question as to whether or not the [petitioner] himself perpetrated the acts which lead to the overpayment of $1,000 in insurance benefits...." It is further argued that the petitioner's reliance on his wife to

submit accurately the blank claim forms which he had signed amounted to no more than simple negligence and was not so gross as to warrant a conclusion of willful misconduct.

We must disagree.

The petitioner's conduct clearly evidenced a disregard of behavior standards which his employer could reasonably expect. He knew that his signature on the claim forms was a certification to the employer of the propriety of the information contained thereon and of the validity of his request for reimbursement. He owed a duty to his employer, therefore, to ensure that each claim form was accurate and his failure to meet this obligation cannot be swept aside by his assertion that he was not aware of the impropriety of the reimbursements because he relied upon his wife to handle all his financial affairs.

We will, therefore, affirm the order of the Board.

ORDER

AND, Now, this 18th day of February, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.