John C. Hadvance, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1981, before Judges Rogers, MacPhail and Doyle, sitting as a panel of three.

*John J. Robinson, Jr.,* for petitioner.

*John Kupchinsky,* Associate Counsel, with him *James K. Bradley,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Doyle, March 26, 1982:

This is an appeal from a Decision and Order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying unemployment compensation benefits to John C. Hadvance (Claimant) on the ground that he had been dismissed from employment for willful misconduct and was therefore disqualified from receiving benefits by Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Claimant was last employed as a utility plant operator for the Clarks Summit State Hospital (Hospital), a position he held for approximately six months prior to November 27, 1979, when he was dismissed for an alleged failure on his part to report his absence from

work for five consecutive work days. The parties agree that Claimant did not report to work after November 13, 1979, and that the Hospital, in accordance with the provisions of Section 806 of the Civil Service Act,[1] 71 P.S. §806, considered a failure to report an absence from work on five consecutive work days to be a grounds for dismissal. Before the Board, however, conflicting evidence was presented on the question of whether or not Claimant did in fact fail to report his absence from work on five consecutive work days. At both an initial referee's hearing conducted on January 22, 1980, and a subsequent Board ordered remand hearing conducted on March 17, 1980, Claimant testified that he had reported his absence on a daily basis until November 20, 1979, and that he subsequently reported his absence from work on November 25, 1979, and November 27, 1979. Claimant's supervisor, however, testified at the initial referee's hearing that Claimant did not report his absence from work after November 20, 1979, and at the remand hearing testified that Claimant failed to report his absence from work after November 19, 1979. After reviewing this conflicting evidence, the Board, in the exercise of its fact finding function, found as a fact that Claimant did not report his absence from work for the five consecutive work days following November 19, 1979, and concluded that this failure to report constituted disqualifying willful misconduct.

Before this Court, the sole issue raised by Claimant is whether there is substantial evidence in the record to support the Board's finding that he failed to report his absence from work for five consecutive work days.

---

[1] Act of August 5, 1941, P.L. 752, as amended, 71 P.S. §741.806. Section 806 provides in pertinent part that "[a]bsence from duty for five consecutive working days without notice to the appointing authority may be regarded as an abandonment of a position and in effect a resignation."

It is well established that the employer has the burden of proving that a claimant was discharged from his employment because of willful misconduct. *Zuraw v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 548, 434 A.2d 1312 (1981). Where, as here, the party with the burden of proof prevailed below, "this Court's scope of review is limited to a determination as to whether or not the findings of the Board are supported by substantial evidence and to questions of law, including the question of whether or not an employee's actions constituted willful misconduct." *Frick v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 198, 201, 375 A.2d 879, 880 (1977). Of course, questions of credibility and the resolution of conflicts in testimony are within the sole province of the unemployment compensation authorities, and findings on these issues will not be disturbed on appeal where they are supported by substantial evidence which is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Fenk v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 213, 405 A.2d 590 (1979); *Yasgur v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 33, 328 A.2d 908 (1974).

In the present case, the testimony of Claimant's supervisor clearly supports the Board's finding that Claimant did not report his absence from work for five consecutive work days. Although Claimant presented evidence to the contrary, the Board, in the exercise of its fact finding function specifically found the evidence submitted by the Hospital to be the more credible, and this finding is binding on this Court. *Fioretti v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 287, 405 A.2d 1382 (1979); *Fenk.* Since it is also clear, in our view, that the Board properly concluded that Claimant's failure to report his

absence from work for five consecutive work days constituted willful misconduct, *see Gonzalez v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 70, 395 A.2d 292 (1978), we believe that Board's Decision and Order must be affirmed.

Accordingly, we will enter the following

ORDER

Now, March 26, 1982, the Decision and Order of the Unemployment Compensation Board of Review, Decision No. B-183000, dated April 10, 1980, is affirmed.