Amy Riebesell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 5, 1983, before President Judge CRUMLISH, JR., and Judges WILLIAMS, JR. and BLATT, sitting as a panel of three.

*John P. Koopman, Begley, Carlin & Mandio,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, March 21, 1984:

Amy Riebesell (claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) which denied benefits pursuant to Section

402(e) of the Unemployment Compensation Law[1] (willful misconduct).

The claimant was employed by Lionel Leisure (employer) beginning August 24, 1980. Until November, 1980, she worked as a production assistant at an hourly rate, and she was then promoted to the position of typesetter at a salaried rate. At the time of this transfer, she was informed by the employer that she would be expected to work additional hours during peak business periods for which she would receive compensatory time off in the future. Between November of 1980 and April of 1981, she was required to work occasional overtime, performing activities which were not unreasonable, onerous or beyond her, and she received compensatory time off pursuant to the aforementioned understanding. On April 24, 1981 she was discharged for refusing to work scheduled overtime on that evening as well as on April 25, 1981.

The question presented for our review is whether or not an employee has engaged in willful misconduct by refusing to work overtime, thereby violating an agreement with the employer to do such work when necessary.

In an unemployment compensation case, where the party with the burden of proof prevailed below, our scope of review, of course, is to determine whether or not an error of law was committed or necessary findings of fact are unsupported by substantial evidence. *Stackhouse v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 643, 425 A.2d 869 (1981). And the burden of proof is upon the employer to prove that the discharge of the employee was for willful misconduct. *Hadvance v. Unemployment Com-*

---

[1] Act of December 5, 1936, Special Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

*pensation Board of Review,* 65 Pa. Commonwealth Ct. 447, 442 A.2d 862 (1982).

We have previously defined willful misconduct as a wanton or willful disregard of the employer's interest, a deliberate violation of rules, and, *inter alia,* a disregard of expected behavior standards. And we have also held that unemployment compensation will be refused unless the employee proves that the refusal was reasonable under the circumstances. *Simpson v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 120, 450 A.2d 305 (1982).

The claimant here clearly acted in volation of the employer's interest, deliberately violated company rules, and disregarded expected standards of behavior, for she had been informed, prior to being transferred to her new position as typesetter, that she would be expected to work overtime and be compensated with compensatory time off in the future. And, bearing in mind our limited scope of review, we cannot say that the employer's overtime policy was unreasonable in light of the finding of fact by the Board, which is supported by substantial evidence, that the overtime was neither unreasonable, nor onerous and only of an "occasional" nature.[2]

We will, therefore, affirm the Board.

### Order

And Now, this 21st day of March, 1984, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

[2] The claimant contends that she should receive overtime pay pursuant to the Fair Labor Standards Act of 1938 §7, 29 U.S.C. §207 (1965 G Supp. 1983). We disagree. 29 U.S.C. §213(a) exempts, *inter alia,* "professional" employees from the provisions of Section 207. The Board concluded, and our review of the record persuades us to agree, that the claimant was such an employee.