260

Carson Harris, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 2, 1984, to Judges MacPhail, Palladino and Blatt, sitting as a panel of three.

*Evalynn B. Welling,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Blatt, March 29, 1984:

Carson Harris (claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) which denied him benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Special Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (willful misconduct).

The claimant was employed by the New Diamond Market as a stock handler for approximately eight months. On December 20, 1981, he was ordered by his employer to transport inventory from the storage area to the display area of the store. After refusing to follow the order for the fourth time, he was discharged.

In an unemployment compensation case, where the party with the burden of proof prevailed below, our scope of review, of course, is to determine whether or not an error of law was committed or necessary findings of fact are unsupported by substantial evidence. *Stackhouse v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 643, 425 A.2d 869 (1981). The burden of proof, furthermore, is upon the employer to prove that the discharge of the employee was for willful misconduct. *Hadvance v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 447, 442 A.2d 862 (1982).

The claimant contends that he received no notice of his hearing date, was therefore precluded from attending and presenting evidence, and should not be denied benefits.

Our thorough review of the record indicates that, because of the Board's failure to make any findings of fact on the notice issue,[1] we will be unable to re-

---

[1] Neither the referee's nor the Board's decision makes any findings or even alludes to the notice issue.

solve the question presented. The Board, of course, is required to make findings which are ". . . necessary to resolve the issues raised by the evidence *and which are relevant to a decision.*" *Cicco v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 309, 313, 432 A.2d 1162, 1164 (1981). (Emphasis added.) And, as previously noted, our limited scope of review is to determine, *inter alia*, whether or not the findings of fact are supported by substantial evidence. *Stackhouse.* Until the Board makes findings on the notice issue, however, we are precluded from operating in our appellate capacity.[2]

We will, therefore, vacate the order of the Board and remand for proceedings consistent with this opinion.

### ORDER

AND Now, this 29th day of March, 1984, the order of the Unemployment Compensation Board of Review is vacated and remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

---

[2] On the merits of the notice issue, we believe that the Board should be guided by *John Kenneth, Ltd. v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 377, 444 A.2d 824 (1982).