533 A.2d 199

Bertrand A. Waltz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 26, 1987, to Judges CRAIG, PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Jane Muller-Peterson,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, November 12, 1987:

Bertrand A. Waltz (Petitioner) appeals an order of the Unemployment Compensation Board of Review (Board) which reversed the referee's determination awarding him benefits under Section 402(e) of the Unemployment Compensation Law[1] based on the referee's finding that Petitioner had not engaged in willful misconduct. We affirm.

Petitioner was employed as a manager/hair stylist by Singer Enterprises of Palmyra, Pennsylvania. According

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

to the terms of Petitioner's employment contract, Petitioner was paid a weekly salary, which required him to work between forty (40) and sixty (60) hours per week, as needed, but did not include additional compensation for any overtime work.

In July of 1986, Petitioner learned that management employees, who do not have management as their primary duty, are entitled to overtime compensation under the Federal Fair Labor Standards Act.[2] Petitioner contends that his management duties comprise substantially less than half of his overall work duties, thereby entitling him to overtime pay.[3] After receiving this information, Petitioner informed his employer that he would no longer work for more than forty (40) hours per week without overtime compensation.

One week after informing his employer of his intention, Petitioner and his employer attempted to meet to discuss the overtime pay. At the hearing before the referee, the employer testified that Petitioner refused to meet while Petitioner testified that the time designated for the meeting simply was inconvenient for him. The employer later discharged Petitioner from his employment in a telephone conversation on July 25, 1986.

The referee determined that Petitioner's action of informing his employer of his refusal to work overtime without additional compensation did not constitute willful misconduct warranting a denial of unemployment benefits. The Board reversed this decision and conclud-

---

[2] 29 U.S.C. §207 (1965 G. Supp. 1983).

[3] The record includes a copy of "Executive Administrative, Professional and Outside Sales Exemptions Under the Fair Labor Standards Act," published by the U.S. Department of Labor. The publication interprets "primary duty" to mean over fifty percent (50%) of the employee's time, but provides that time alone is not the sole test but must be considered along with the types of duties an employee actually performs.

ed that Petitioner's refusal to work overtime did constitute willful misconduct and that Petitioner did not establish good cause because of his failure to provide his employer with an opportunity to discuss his demands.

Petitioner contends that he has established good cause for his refusal to work overtime without additional compensation, because the Fair Labor Standards Act requires an employer to provide overtime compensation unless the employee is exempt as a professional or managerial employee. Petitioner argues that such refusal was reasonable given the percentage of time in which he was actually engaged in managerial duties,[4] and, therefore, as a matter of law, his action did not constitute willful misconduct.

Our scope of review for Board determinations is limited to whether the Board committed an error of law, violated constitutional rights, or whether the findings of fact are supported by substantial evidence. *Estate of McGovern v. Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). Whether an employee has been discharged for willful misconduct is a question of law subject to our review. *Bivens v. Unemployment Compensation Board of Review,* 79 Pa. Commonwealth Ct. 643, 470 A.2d 662 (1984).

Willful misconduct is that conduct which evidences a disregard of the standards of behavior which an employer can rightfully expect from his employee. *Berger v. Unemployment Compensation Board of Review,* 80 Pa. Commonwealth Ct. 388, 471 A.2d 912 (1984). An employee's refusal to comply with work assignments may constitute willful misconduct unless the employee establishes good cause for his actions. *Kretsch v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 169, 476 A.2d 1004 (1984). This Court

---

[4] N.T. at 22.

has held that an employee's failure to comply with the terms of his contract, requiring overtime work, is in derogation of the behavior which the employer had a right to expect from an employee. *Riebesell v. Unemployment Compensation Board of Review,* 81 Pa. Commonwealth Ct. 138, 472 A.2d 1167 (1984).

The Board found that Petitioner had not met his burden of proving good cause because Petitioner did not give his employer an opportunity to discuss his demands for overtime pay. Such a conclusion, however, constitutes an error of law. In a willful misconduct case, the employee, where feasible, has a duty to notify his employer of the reason for refusing to comply with rules. *Bortz v. Unemployment Compensation Board of Review,* 76 Pa. Commonwealth Ct. 436, 464 A.2d 609 (1983). The Board has erroneously extended the notification analysis in voluntary quit cases, which require an employee to discuss his concerns with his employer prior to quitting, to willful misconduct cases. In a willful misconduct case, as distinguished from a voluntary quit case, the decision to terminate the employment relationship rests with the employer. Therefore, it is incongruous for the employee in a willful misconduct situation to be required to give his employer an opportunity to discuss his reasons for failure to comply. Notwithstanding the Board's error of law, where an administrative agency assigns an erroneous reason to a correct decision and the record clearly shows the correct basis for the decision, this court can sustain the result. *Goughenour v. Department of Public Welfare,* 100 Pa. Commonwealth Ct. 401, 514 A.2d 993 (1986).

Since we are dealing with willful misconduct, we must review the evidence in support of the Board's finding that Petitioner lacked good cause for his actions. The findings of fact made by the Unemployment Compensation Board of Review or by the referee are binding on

appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

The reasonableness of both the employer's request and the employee's refusal to comply must be balanced in determining whether the employee's actions warrant a denial of benefits. *Pozeynot v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 455, 403 A.2d 1361 (1979). As noted above, an employer has a right to expect that an employee will comply with the terms of his employment contract. *Riebesell v. Unemployment Compensation Board of Review,* 81 Pa. Commonwealth Ct. 138, 472 A.2d 1167 (1984). The employer testified that Petitioner was paid a higher salary for undertaking responsibility for the overall operations of the shop.[5] Petitioner testified that he spent no more than ten (10%) percent of his time performing managerial functions and felt, given his own estimations, that he was entitled to overtime compensation.[6]

Petitioner further testified that he did not attempt to file a grievance with the Labor Relations Board, although he was provided with the necessary forms to do so.[7] Instead, Petitioner simply refused his employer's request to work overtime. Given the dispute between the employer and Petitioner as well as Petitioner's knowledge of a proper forum to adjudicate the validity of an alleged violation of the Fair Labor Standards Act, we conclude that there was substantial evidence to support the Board's finding that Petitioner had not established good cause for his conduct. Accordingly, we affirm.

---

[5] N.T. at 3, 11, 25.
[6] N.T. at 22, 26.
[7] N.T. at 29.

## ORDER

AND NOW, November 12, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.