547 A.2d 493

James E. Brooks, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 26, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Cliff Preefer*, for petitioner.

*James K. Bradley*, Assistant Counsel, with him, *Clifford F. Blaze*, Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, September 12, 1988:

Petitioner, James E. Brooks, seeks review of an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying unemployment compensation benefits to him based on a finding of willful misconduct under section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

Petitioner was last employed by Empire Kosher as a laborer. He had been under the care of a chiropractor for back problems and had been off work because of this

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

back problem. He returned to work on February 26, 1987, at 6:00 a.m., his usual starting time, and by 8:00 a.m. on the same day, he again suffered pain in his back and informed his foreman that he was going home. The referee found that the foreman advised petitioner that he may not have a job if he left work without authorization and that, if he did leave, in order to return he would have to have a doctor's excuse for any absenteeism on February 26, 1987 or thereafter until he returned to work.

The referee found that when petitioner returned to work on March 2, 1987, he did not have a doctor's excuse to support his absence. The referee found that petitioner was involuntarily terminated from his employment.

The Office of Employment Security (O.E.S.) denied benefits to petitioner on the basis of section 402(b) of the Law, voluntary quit without a necessitous and compelling reason. The referee affirmed the denial of benefits, but changed the legal basis to willful misconduct pursuant to section 402(e) of the Law.

Petitioner contends that the referee made an error of law, in considering section 402(e), willful misconduct, since he had not received the parties' consent to consider this section, and furthermore, the O.E.S. determination was based on section 402(b), voluntary quit.[2]

---

[2] 34 Pa. Code §101.87 provides that the evidence adduced and the determination made at the referee's hearing be limited to the legal issue ruled on by O.E.S. in its notice of ineligibility for benefits. However, any issue in the case may, *with the approval of the parties,* be heard. The reason for the rule is that it would be unfair to the claimant to raise new issues at the hearing because he would be unprepared to defend or explain his position. *Goodman v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 52, 447 A.2d 1127 (1982).

The Board held that even though there was no express consent by the parties to consider section 402(e), this matter comes within the exception in 34 Pa. Code §101.87, because by his conduct, the petitioner consented to a consideration of the willful misconduct issue.

While it is clear from the record that petitioner was neither asked for, nor did he *expressly* volunteer his consent to a consideration of the section 402(e) issue, it is equally clear that petitioner recognized that section 402(e) was a potential issue in this matter. In his opening statement at the hearing, counsel for petitioner said:

> Mr. Brooks can offer evidence to prove that his leaving was for good cause beyond his control, that his intent was not against the best interest of his employer, and that his intent was not based on willful misconduct, and that it was not deliberate nor in disregard of company policies or otherwise. . . .

Notes of testimony at 10. Under such circumstances, petitioner cannot claim unfairness or inability to prepare a defense.

The record is clear that petitioner did not raise the issue of switching the sections for review until appeal before this court, thus waiving that issue. *Wing v. Unemployment Compensation Board of Review,* 496 Pa. 113, 436 A.2d 179 (1981).

However, petitioner contends that even if the referee did not err, the employer failed to meet its burden of proving willful misconduct. In unemployment compensation cases, the claimant has the burden of establishing a compelling and necessitous cause for termination of his employment. *Taylor v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 258, 484 A.2d 844 (1984). He also must show good cause for his refusal to obey a work assignment to avoid a charge of willful misconduct so as to warrant a denial

of benefits. *Waltz v. Unemployment Compensation Board of Review*, 111 Pa. Commonwealth Ct. 54, 533 A.2d 199 (1987).

An employee's refusal to comply with a directive or request of the employer can constitute willful misconduct. However, the reasonableness of the employer's request and the employee's refusal to comply must be balanced in determining whether the employee has established good cause for his action. *Waltz*. Under the circumstances of this case, the employer's request for a medical certificate to cover petitioner's absence is reasonable. Petitioner's justification was that no request was ever made. However, the referee specifically found, in finding of fact Number 4, that the foreman advised petitioner that if he left, in order to return he would have to have a doctor's excuse for any absenteeism. This was a credibility determination made by the referee. There is substantial evidence in the record to support this finding.

Accordingly, we affirm the order of the Board.

ORDER

Now, September 12, 1988, the order of the Unemployment Compensation Board of Review, decision No. B-259035, dated June 17, 1987, is affirmed.