**Jeff P. DORN, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 12, 2004.

Decided Jan. 20, 2005.

Jeff P. Dorn, Downingtown, for petitioner.

James K. Bradley, Asst. Counsel, for respondent.

BEFORE: FRIEDMAN, Judge, and SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

Jeff P. Dorn (Claimant), representing himself, petitions for review of an order of the Unemployment Compensation Board of Review (Board) affirming a determination that he received a non-fault overpayment of unemployment benefits.[1] The Board's overpayment conclusion was apparently based on a revised determination that Claimant was financially ineligible to receive benefits. Because there are unresolved factual issues relating to whether Claimant received required notice of the revised determination that deemed him ineligible for benefits and whether Claimant is, in fact, ineligible, we vacate and remand.

Claimant was employed by H & R Block (Employer). In April 2003, after his separation from Employer, he applied for unemployment benefits. Shortly thereafter, Claimant received a Form UC–44F "Notice of Financial Determination," indicating he was eligible. He received 26 weeks of benefits from April through October 2003 at a rate of $163.00 per week. In November 2003, a revised Form UC–44F "Notice of Financial Determination" was issued, which deemed Claimant ineligible.[2] Although not entirely clear, it appears this revised determination was prompted by wage records submitted by Employer.

Approximately two months later, the Philadelphia UC Service Center (service center) sent Claimant a "Notice of Determination of Overpayment of Benefits" indicating he received a $4,368.00 non-fault overpayment, representing the 26 weekly benefit payments he received. The Notice states the overpayment occurred because Claimant's "weekly rate was revised from $163 to $0." Certified Record (C.R.) Item No. 2. Claimant appealed the service cen-

---

1. Pursuant to Section 804(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess. P.L. (1937) 2897, *as amended*, 43 P.S. § 874(b)(1), "[a]ny person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year...."

2. This document is not included in the certified record, but there is an annotation in the claim record concerning this document. Certified Record, Item No. 1.

ter's determination. Of particular import here, he attached the following letter to his appeal petition:

To Whom It May Concern,

I wish to appeal the notice of determination of overpayment of benefits.

*The letter that was mailed on Nov 24, 2003 with the updated financial information was never received by me and for that reason I could not reply or respond to it.*

The reason for my appeal is *misinformation* provided to unemployment by [Employer]. The last quarterly report for 2002 indicated earnings of $176. *When [Employer] sent to unemployment their quarterly reports, they removed the $176 and stated it was stock option money. This amount was earnings from training for the upcoming tax season.*

*I want to maintain the financial determination that was set up in April 2003 as that was the correct information.*

I never received any stock option money and every fall we always retrain for the next season and we are paid for it.

Regards,

/s/

Jeff Dorn

C.R. Item No. 3 (emphasis added).

A hearing was scheduled for February 2004. One week before the hearing, Claimant faxed a continuance request which indicated he had not received necessary information from Employer. A notation on the fax indicates the referee denied the request. C.R. Item No. 6.

Despite Claimant's absence, the referee proceeded with the hearing. After the hearing, the referee issued a decision affirming the service center's revised determination of a non-fault overpayment in the amount of $4,368.00.

Claimant appealed to the Board, asserting he did not attend the referee hearing because he did not receive corrected wage records in a timely manner. The Board deemed Claimant's appeal a request for a remand hearing. While his remand request was pending, Claimant sent the Board a letter, enclosing two documents that, he asserted, reflected his corrected wage information. C.R. Item No. 10. In particular, Claimant enclosed Employer's breakdown of his 2002 wages, which indicates he earned $175.94 in the fourth quarter of 2002. *Id.*

Thereafter, the Board scheduled a remand hearing. In its scheduling order, the Board stated the purpose of the hearing was "to receive testimony and evidence from the respective parties on both the reason for their non-appearance and the merits." C.R. Item No. 12.

At the remand hearing, Claimant testified he did not appear at the initial referee hearing because he did not receive updated wage information from Employer. He explained the information Employer initially provided erroneously indicated no fourth quarter earnings for 2002. Claimant testified he received corrected wage information from Employer on March 22, 2004. The remand referee confirmed Exhibits 6B and 6C contained Claimant's updated wage information. Nevertheless, the remand referee instructed Claimant she would not hear "anymore testimony about that ... [b]ecause I don't believe that's the issue before the Board." Referee Hearing of 6/8/04, Notes of Testimony (N.T.) at 8. In addition, Claimant repeatedly testified he did not receive the revised notice of financial determination in which he was apparently deemed ineligible for benefits. He also testified he requested a copy of the notice, but it was not provided.

The Board issued a decision in which it determined Claimant demonstrated good

cause for his non-appearance at the initial referee hearing. Nevertheless, the Board also determined Claimant received a non-fault overpayment in the amount of $4,368.00. Claimant appealed to this Court.[3]

On appeal, Claimant initially argues he did not receive the revised notice of financial determination indicating he was ineligible for benefits and, therefore, was unable to appeal this determination.

We first examine the statutory provisions that set forth the process by which a claimant's financial eligibility for unemployment benefits is determined. After an initial claim is filed, the Department of Labor and Industry (Department) is required to promptly examine the claim to determine its validity. Section 501(c)(1) of the Law, 43 P.S. § 821(c)(1). If the Department determines a claimant was paid qualifying wages during the previous year and, therefore, meets initial eligibility qualifications, it must notify the claimant and the employer in writing. The notice must include the weekly benefit rate and the maximum amount of compensation payable. Section 501(a) of the Law, 43 P.S. § 821(a).

■ Typically, the Department gathers claim information through a summary interview form. *Simmons v. Unemployment Comp. Bd. of Review*, 129 Pa. Cmwlth. 315, 565 A.2d 829 (1989), *aff'd*, 528 Pa. 590, 599 A.2d 646 (1991). Based on that interview form and the claimant's application, the Department makes a determination to grant or deny benefits. *Id.* This process does not include a hearing, and it is not adversarial in nature. *Id.*

■ If a claim is deemed valid, the Department is not required to provide notice to the claimant. Instead, the claimant begins to receive weekly benefit payments. On the other hand, if a claim is deemed invalid, the Department must notify the claimant and provide reasons for its determination. Section 501(c)(2) of the Law, 43 P.S. § 821(c)(2). An appeal from the notice of financial determination may be taken within 15 days. Section 501(e) of the Law, 43 P.S. § 821(e).

■ If neither party appeals an original notice of financial determination, the Department retains authority to revise it before it becomes final. *Garza v. Unemployment Comp. Bd. of Review*, 669 A.2d 445 (Pa.Cmwlth.1995). Significantly, the Law requires:

> The [D]epartment *shall notify any ... claimant* who has been notified [of an original financial determination] *of any revision made in the determination as contained in the original notice given to such ... claimant.*

Section 501(d) of the Law, 43 P.S. § 821(d) (emphasis added). This is the required notice at issue here.

Claimant here continually asserted he did not receive notice of the Department's revised financial determination indicating he was ineligible for benefits. Thus, after Claimant received the notice of determination of overpayment, he filed an appeal and attached a letter stating he did not receive the revised financial determination. C.R. Item No. 3. In addition, at the remand hearing, Claimant repeatedly testified he did not receive the revised financial determination indicating he was ineligible for benefits. N.T. at 4–7. Claimant further

---

**3.** Our review is limited to determining whether necessary factual findings are supported by substantial evidence, whether an error of law was committed and whether constitutional rights were violated. *Renda v. Unemployment Comp. Bd. of Review*, 837 A.2d 685 (Pa. Cmwlth.2003), *petition for allowance of appeal denied*, —— Pa. ——, 863 A.2d 1151 (No. 14 WAL 2004, filed November 30, 2004).

testified he subsequently requested a copy of the revised financial determination, but it was not provided to him. N.T. at 5, 7.

■ Despite Claimant's repeated assertions that he did not receive the revised financial determination, the Board failed to make a finding on this issue. Therefore, a remand is required to determine whether Claimant had good cause for failing to appeal the revised financial determination. *See, e.g., Harris v. Unemployment Comp. Bd. of Review*, 81 Pa.Cmwlth. 260, 473 A.2d 251 (1984) (Board's failure to make finding on whether claimant received notice of hearing date precluded appellate review and necessitated a remand).

Claimant further asserts the Board erred in disregarding corrected wage records that demonstrate he had sufficient earnings to qualify for benefits.

After it is established that a claimant is "unemployed" within the meaning of Section 4(u) of the Law, 43 P.S. 753(u), it is necessary to compute the claimant's financial eligibility, if any, for benefits. To be eligible for benefits during a "benefit year" (52 weeks following a valid application for benefits), a claimant must have sufficient wages in covered employment during the "base year" (first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year). *See* Sections 4(a), (b) of the Law, 43 P.S. § 753(a), (b). Financial eligibility is determined pursuant to a table set forth in Section 404(e)(1) of the Law, 43 P.S. § 804(e)(1). *Dep't of Labor & Indus., Office of Employment Sec. v. Unemploy-*

*ment Comp. Bd. of Review*, 108 Pa. Cmwlth. 401, 530 A.2d 129 (1987).

Using the table set forth in Section 404(e)(1), a claimant must first determine his highest quarterly wage earned during his base year. *Id.* The highest quarterly wage determines the corresponding weekly benefit rate, *see* Section 404(a)(1) of the Law, and total amount of compensation. *Id.* To be eligible for benefits, however, a claimant must have earned base year wages "equal to or in excess of" the amount of qualifying wages that corresponds to the weekly benefit rate set forth in the table. Section 404(c) of the Law, 43 P.S. § 804(c).[4]

Claimant here continually asserted the existence of an error in his initial wage records, which prompted the Department's revised financial determination that he was ineligible for benefits. Specifically, in his initial appeal following the notice of determination of overpayment, Claimant attached a letter stating Employer erroneously submitted wage records that reflected no fourth quarter earnings in 2002. Further, Claimant attached corrected wage records received from Employer to his appeal petition to the Board. Additionally, Claimant presented these corrected wage records at the hearing before the remand referee.

■ Despite Claimant's repeated attempts, the remand referee and the Board failed to consider this evidence, which clearly impacts Claimant's eligibility. A determination as to whether Claimant is

---

4. Notably, the Law allows a claimant who has insufficient qualifying wages at the applicable weekly benefit rate to "step-down" to the three lower weekly benefit rates set forth in the table, if he has base year wages equal to or in excess of qualifying wages corresponding to any one of these lower weekly benefit rates. Section 404(a)(3) of the Law, 43 P.S. § 804(a)(3) A claimant who does not have sufficient qualifying wages under any of the three lower weekly rates, however, is ineligible. *Id. See also Pennsylvania Unemployment Compensation Handbook* (2004).

financially eligible dictates whether an overpayment, in fact, occurred.[5] Consequently, a remand is required for consideration of Claimant's corrected wage information and for a determination of whether Claimant is eligible to receive benefits based on this information. If, and only if, Claimant is deemed ineligible can the Board's determination of an overpayment stand. Further, if Claimant is deemed ineligible, the status of the overpayment, i.e., fault or non-fault, may be established. Therefore, a remand is necessary for consideration of Claimant's corrected wage information and a determination of his eligibility. *Stankiewicz v. Unemployment Comp. Bd. of Review,* 108 Pa.Cmwlth. 340, 529 A.2d 614 (1987) (where Board's findings are inadequate this Court cannot perform appellate review and must remand for additional findings).

We are keenly aware of the demands on the unemployment compensation authorities, and we respect the results they achieve under conditions presented. On rare occasions, however, we must return a case to them for further attention. This is such an occasion. Accordingly, we vacate and remand for proceedings consistent with this opinion.

### ORDER

AND NOW, this 20th day of January, 2005, the order of the Unemployment Compensation Board of Review is hereby VACATED and REMANDED for proceedings consistent with this opinion.

Jurisdiction relinquished.

---

5. Apparently, the Department deemed Claimant ineligible for benefits based on wage information indicating Claimant did not have any fourth quarter earnings in 2002. However, Claimant's corrected wage information, supplied by Employer, indicates he had fourth quarter earnings of $175.94. C.R., Item No. 10. Our analysis indicates if Claimant did, in fact, earn $175.94 in the fourth quarter of 2002, he would be eligible for benefits in the amount of $163.00 per week because he earned sufficient qualifying wages during his base year of 2002. *See* Section 404(e)(1) of the Law, 43 P.S. § 804(e)(1). Without the $175.94 fourth quarter earnings, however, Claimant would be financially ineligible on the grounds he earned insufficient qualifying wages. *Id.* Therefore, consideration of this corrected wage information is critical.