IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lynn Edwards,      :
     Petitioner      :
     :    No. 2150 C.D. 2014
     v.      :
     :    Submitted: April 24, 2015
Unemployment Compensation      :
Board of Review,      :
     Respondent      :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
              HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH             FILED: July 31, 2015


Lynn Edwards (Claimant), proceeding *pro se*, petitions for review of the October 6, 2014 order of the Unemployment Compensation Board of Review (Board) affirming a referee's determination that she is financially ineligible for benefits pursuant to sections 401(a) and 404 of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant worked part-time at The Free Library of Philadelphia, and, following her unemployment, she filed an application for benefits dated July 6, 2014. The local service center determined that Claimant was financially ineligible for benefits pursuant to section 404 of the Law because she earned insufficient wages

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended*, 43 P.S. §§801(a), 804.

during the base year.[2]  Claimant appealed, and a referee held a hearing at which Claimant testified.

Based upon the evidence presented, the referee found that Claimant filed an application for benefits effective July 6, 2014, thereby establishing a base year period from April 1, 2013, through March 31, 2014.  The referee further found that Claimant's applicable quarterly wages were $1,878.00 (2nd quarter, 2013); $340.00 (3rd quarter, 2013); $0 (4th quarter, 2013); and $0 (1st quarter, 2014).  (Findings of Fact Nos. 1-2.)

From these facts, the referee noted that Claimant earned $1,878.00 in the highest quarter within her base year and that her total base year wages totaled $2,218.00.  Applying the statutory table to determine rate and amount of benefits, *see* section 404(e)(1) of the Law, 43 P.S. §804(e)(1), the referee concluded that Claimant earned insufficient wages and was therefore financially ineligible for benefits:

> Section 404(e) [of the Law] provides that a claimant whose highest quarterly base year wages amount to $1,878.00 can qualify for benefits at a weekly benefit rate of $77.00, provided the claimant's total base year wages amount to at least $3,737.00.
>
> Section 404(a)(3) [of the Law] allows benefits to paid if the claimant's base year wages are qualifying for any of the next two lower benefit rates.  In this case, based upon [Claimant's] highest quarterly wages, she could have qualified financially for benefits had she earned at least $3,638.00.
>
> As Claimant's total qualifying base year wages were $2,218.00, Claimant is financially ineligible for benefits in accordance with section 404 of the Law.

---

[2] "Base year" means the first four of the last five completed calendar quarters immediately preceding the first day of a claimant's benefit year.  Section 4 of the Law, 43 P.S. §753.

(Referee's decision at 2.)

In his decision, the referee acknowledged Claimant's contentions that she paid into the unemployment compensation fund and that it is not necessary for an individual to be employed full-time in order to receive benefits. While sympathizing with Claimant's situation, the referee stated that he was constrained to apply the statutory law as written and that the undisputed facts of record established that Claimant is financially ineligible for benefits. (*Id.*)

Claimant appealed, and the Board affirmed, adopting and incorporating the referee's findings and conclusions.

On appeal to this Court,[3] Claimant argues that the Law should be modified to account for the fact that she worked part-time and earned wages in two of the four quarters of her base year.

Initially, we note that a claimant has the burden to prove financial eligibility for unemployment benefits. *Jackson v. Unemployment Compensation Board of Review*, 933 A.2d 155, 157 (Pa. Cmwlth. 2007).

Section 401(a)(1) of the Law states that as a prerequisite to receiving benefits, an employee, within his or her base year, must have "been paid wages for employment as required by section 404(c) of this act." 43 P.S. §801(a)(1). Under section 404(c) of the Law, a claimant is financially eligible for benefits if he or she "has base year wages in an amount equal to or in excess of the amount of qualifying wages [as determined by section 404(e)(1) of the Law], and had eighteen (18) or more credit weeks during his base year." 43 P.S. §804(c). Pursuant to the table for

---

[3] Our scope of review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Shrum v. Unemployment Compensation Board of Review*, 690 A.2d 796, 799 n.3 (Pa. Cmwlth. 1997).

amount and rate of benefits in section 404(e)(1) of the Law, a claimant whose highest quarterly wage is between $1,863.00 and $1,887.00 will be eligible for compensation if, and only if, her total base year wages were at least $3,638.00. 43 P.S. §804(e)(1). *See Dorn v. Unemployment Compensation Board of Review*, 866 A.2d 497, 501 (Pa. Cmwlth. 2005) (stating that "financial eligibility is determined pursuant to a table set forth in Section 404(e)(1) of the Law.").[4, 5]

Here, Claimant's highest quarterly wage was $1,878.00, but her total base year wages were $2,218.00. Claimant does not dispute these facts, and pursuant to the Law's scheme and mathematical formula, she is financially ineligible for benefits, regardless of whether she worked full- or part-time. This Court lacks the

---

[4] In pertinent part, the table in this section states:

(e)(1) Table Specified for Determination of Rate and Amount of Benefits

| Part A Highest Quarterly Wage | Part B Rate of Compensation | Part C Qualifying Wages |
|---|---|---|
| $1688-1712 | $70 | $3391 |
| 1713-1737 | 71 | 3440 |
| 1738-1762 | 72 | 3490 |
| 1763-1787 | 73 | 3539 |
| 1788-1812 | 74 | 3589 |
| 1813-1837 | **75** | **3638** |
| 1838-1862 | **76** | **3688** |
| **1863-1887** | **77** | **3737** |

43 P.S. §804(e)(1) (emphasis added).

[5] Sections 404(a)(3) and (c) collectively state that if a claimant's qualifying wages, *i.e.*, base year wages, do not correspond directly with the claimant's highest quarterly rate, the claimant will still be eligible for benefits if the amount of the claimant's qualifying wages meets the amount of qualifying wages listed for the next two lower weekly benefit rates. A claimant who does not have sufficient qualifying wages under any of the two lower rates, however, is ineligible for benefits. *See Dorn*, 866 A.2d at 501 n.5.

authority to deviate from the clear mandates and requirements of the Law and, therefore, we must uphold the Board's determination that Claimant is financially ineligible for benefits. *See Allright Auto Parks, Inc. v. Zoning Board of Adjustment of the City of Philadelphia*, 529 A.2d 546, 549 (Pa. Cmwlth. 1987) (stating that "there is no judicial authority to rewrite laws for the purpose of improving them or to restructure them in accordance with what might have been the hopes of nonlegislative advocates.").

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lynn Edwards, :
             Petitioner :
             : No. 2150 C.D. 2014
         v. :
             :
Unemployment Compensation :
Board of Review, :
            Respondent :

## ***ORDER***

AND NOW, this 31ˢᵗ day of July, 2015, the October 6, 2014 order of the Unemployment Compensation Board of Review is affirmed.


            _____
            PATRICIA A. McCULLOUGH, Judge