Candido Medina, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 6, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Pamela S. Fisher,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MENCER, December 15, 1980:

Candido Medina (claimant) has appealed from a decision of the Unemployment Compensation Board of Review (Board) which denied benefits on the ground that he was discharged from his employment because of willful misconduct.

Claimant was employed as a sanitation worker by Stroehmann Bread (employer) for five years. On June 2, 1978, claimant was arrested and incarcerated for the crime of assault, arising from an incident unrelated to his employment. Claimant had a friend notify the employer of his incarceration shortly after his arrest. He was subsequently convicted of this crime and imprisoned for six months. On August 24, 1978, the employer discharged claimant because of his continued absence from work. Upon his release from prison, claimant reapplied for his position with the employer. However, the employer by this time had replaced claimant and had no work available for him.

The Board denied claimant's request for benefits on the basis of Section 402(e) of the Unemployment Compensation Law,[1] which provides that an employee shall be ineligible for any week "in which his unemployment is due to his discharge . . . for willful misconduct connected with his work." The issue before us is whether claimant's conduct rises to the level of willful misconduct, within the meaning of this section, for failing to report for work during a six-month period due to incarceration. We believe that it does.

It is important to recognize at the outset that claimant was not discharged because the employer felt that the claimant's conviction reflected upon his fitness for the position. Rather, the employer discharged claimant for his protracted absence from work. We believe that this factor is sufficient to sustain a denial of benefits for willful misconduct.

In *Pettey v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 157, 159-60, 325 A.2d 642, 643 (1974), we set forth the elements that may be used to support a finding of absenteeism as willful misconduct:

'1. Excessive absences.

'2. Failure to notify the employer in advance of the absence.

'3. Lack of good or adequate cause for the absence.

'4. Disobedience of existing company rules, regulations, or policy with regard to absenteeism.

'5. Disregard of warnings regarding absenteeism.'

While the second, fourth, and fifth elements are not applicable to the facts of the instant case, the first

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

element is clearly satisfied by the evidence in the record. We believe that the third element is also satisfied since it is difficult, upon analysis, to substantiate the position that a prison sentence is good cause for absence. The concept of "good cause" has been characterized as an action of the employee that is justifiable or reasonable under all the circumstances. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). Although a prison term may be a circumstance that is beyond the power of the employee to change, it does not follow that the absence is "reasonable or justifiable." Certainly an employee who engages in criminal activity punishable by incarceration should realize that his ability to attend work may be jeopardized.

Claimant cites several cases for the proposition that criminal conduct will not result in a denial of benefits unless it directly reflects upon claimant's ability to perform his assigned duties. *Unemployment Compensation Board of Review v. Derk*, 24 Pa. Commonwealth Ct. 54, 353 A.2d 915 (1976) (school bus driver—morals charge); *Adams v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 486, 397 A.2d 861 (1979) (claims manager—conspiracy and mail fraud conviction); *Perdue v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 641, 369 A.2d 1334 (1977) (construction inspector—theft conviction). In these cases, the employees were denied benefits under Section 3 of the Act, 43 P.S. §752, for being unemployed through their own fault. The inability of the employees to attend work was not in issue. Rather, the issue was claimant's fitness for the job, in light of his past criminal conduct.

We agree that, in this case, claimant's conviction for assault in a domestic setting does not bear upon his suitability for employment as a sanitation worker.

However, we reiterate that claimant was discharged for his extended absence, not for his criminal activity. Thus, his incarceration, and not his criminal conduct per se, rendered claimant unable to perform his job, and his incarceration supports a finding of willful misconduct.

A contrary holding could produce ludicrous results. An employer should not be expected to hold a position open for months, or years, until his employee has completed his prison sentence.

Therefore, we find that the Board's decision is supported by substantial evidence, and we issue the following

ORDER

AND Now, this 15th day of December, 1980, the decision and order of the Unemployment Compensation Board of Review, dated June 15, 1979, denying unemployment compensation benefits to Candido Medina, is hereby affirmed.