Dolly M. Wilson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 11, 1980, before Judges CRAIG, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Kenneth A. Wise,* with him *Marian E. Frankston,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, April 15, 1981:

This is an appeal from a Decision and Order of the Unemployment Compensation Board of Review (Board) which sustained a referee's decision denying unemployment compensation benefits to Dolly Wilson (Claimant) on the grounds that she was unemployed as a result of her own "fault," and thus, was ineligible for benefits pursuant to Section 3 of

the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §752. We affirm.

Claimant was last employed as a clerk typist for the Pennsylvania Department of Transportation (Penn D.O.T.). On January 26, 1977, Claimant entered a plea of guilty in the Dauphin County Court to a charge of welfare fraud,[1] and was subsequently convicted.[2] Upon receiving notification of this conviction, Penn D.O.T. dismissed Claimant from her job, and thereafter Claimant filed an application for unemployment compensation benefits with the Bureau (now Office) of Employment Security (Bureau). On April 18, 1978, the Bureau issued a Notice of Determination denying benefits pursuant to Section 402(e) of the Law, 43 P.S. §802(e), the willful misconduct provision. On appeal the referee affirmed the denial of benefits, but concluded that the proper statutory basis for doing so was Section 3 of the Law, which provides in pertinent part:

> Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods when they become unemployed *through no fault of their own.* . . . The Legislature, therefore, declares that in its considered judgment the public good . . . require[s] . . . the enactment of this act for the compulsory setting aside of unemployment reserves to be used for the benefit of persons

---

[1] This charge was filed by the Department of Welfare after an investigation revealed that Claimant had collected welfare payments while she was employed by Penn D.O.T.

[2] Claimant was ordered to make restitution to the state in the amount of $2,728.24, was ordered to pay a $25.00 fine, and was placed on probation for one year.

unemployed *through no fault of their own.*
(Emphasis added.)

The Board subsequently affirmed the referee's decision, and the present appeal followed.

Before this Court Claimant alleges (1) that the referee and the Board erred in using Section 3 of the Law as an independent substantive basis for denying benefits, (2) that there was not sufficient evidence in the record to support the Board's conclusion that she was unemployed because of her own fault, (3) that the referee improperly relied on hearsay evidence in determining why she had been fired, and (4) that the referee and the Board violated 34 Pa. Code §101.87 by deciding this case on the basis of Section 3. We shall address these issues seriatum.

In *Unemployment Compensation Board of Review v. Ostrander,* 21 Pa. Commonwealth Ct. 583, 347 A.2d 351 (1975), *aff'd per curiam, Smith v. Unemployment Compensation Board of Review,* 487 Pa. 448, 409 A.2d 854 (1980), we found Section 3 of the Law to be a substantive and determinative provision of the Law, and sustained a denial of benefits by the Board based solely on Section 3. In so doing we stated:

> As the policy declaration in . . . [S]ection [3] clearly implies, the Unemployment Compensation Law is not intended to confer benefits upon faulty individuals merely because they do not fall within one of the specifically enumerated ineligibilities under Section 402 of the Act. For such a declaration to have meaning, therefore, Section 3 must be given a substantive effect and application.

*Id.* at 586, 347 A.2d at 352. We conclude, therefore, that the referee and the Board did not err in denying benefits solely on the basis of Section 3.

As to Claimant's second argument, we believe the record amply supports the Board's conclusion that

Claimant was unemployed as a result of her own fault. Although Claimant's conviction did not physically prevent her from remaining an employe of the state, we have held that ''[an] employer cannot be blamed because of his unwillingness to employ . . . one guilty of a crime involving dishonesty or moral turpitude, whether the offense was committed to his injury or another's.'' *Dombroskie v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 546, 549, 405 A.2d 1044, 1045 (1979) (quoting *Department of Labor and Industry v. Unemployment Compensation Board of Review,* 148 Pa. Superior Ct. 246, 248, 24 A.2d 667, 668 (1942)). In the present case the record shows that Claimant admitted to pleading guilty to a charge of defrauding her own employer, the state. We conclude that this admission of fraudulent activity constituted substantial evidence adequate to support a Section 3 disqualification.

We also find Claimant's allegation that only hearsay evidence was presented at the referee's hearing to establish the cause for her dismissal to be factually incorrect. The record contains a written statement, signed by the Claimant, in which Claimant admits she was dismissed because of her conviction. In addition, two employer representatives testified at the referee's hearing that Claimant was dismissed as a result of her conviction.

Finally, we note that we are precluded from considering the merits of Claimant's fourth allegation of error since the record shows that this issue was not raised below. 2 Pa. C. S. §703(a).

Accordingly, we enter the following

ORDER

AND Now, April 15, 1981, the Decision and Order of the Unemployment Compensation Board of Re-

536

view dated September 7, 1978, Decision No. B-163822, is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.