Patrick M. Masko, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, May 7, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Linda C. Liechty,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, July 6, 1982:

In this unemployment compensation case, the claimant has appealed from a denial of benefits by the Unemployment Compensation Board of Review on the ground of claimant's willful misconduct[1] for failure to keep his hospital employer informed during an 18-day absence which resulted from his detention in jail on criminal charges.

The criminal charges themselves are irrelevant because the compensation authorities did not base the misconduct conclusion upon any theory of detriment to the employer's interests resulting from the nature of the crimes charged; hence the cases cited for claimant on that point are not applicable.

There is no dispute concerning the findings that police officers arrested the claimant at the workplace, and that the incarceration was pre-trial detention resulting from inability to post bond until the bond amount was reduced.

However, a factual question arises from the referee's findings to the effect that claimant's mother

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1956, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

contacted the employer nine days after the arrest to inquire about the claimant's pay check and was informed that, at that point, the claimant had not been dismissed. Although no witnesses testified for the employer, the referee adopted no finding embodying the additional testimony by claimant's mother that she contacted the employer a second time, on the tenth day, and was informed on that occasion that claimant was not fired, that he should contact the employer when he got out of jail, and that he could have a leave of absence if in jail longer than thirty days. We can only conclude that the referee and board, as the arbiters of the facts, chose to accept the testimony of the claimant's mother only in part, rejecting the testimony as to assurance of continued employment, in face of the undisputed fact that the employer did terminate the claimant on or before the eighteenth day. Even though this court might have viewed the testimony differently, such credibility determinations are not within our power.

Upon the facts as thus found, there is no doubt that absence for a period slightly over two weeks, without keeping the employer informed, does constitute willful misconduct as a matter of law. *Pollard v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 645, 382 A.2d 791 (1978). Incarceration does not suspend an employe's obligation to be available for work. *Medina v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 323, 423 A.2d 469 (1980).

The decision is affirmed.

## ORDER

Now, July 6, 1982, the order of the Unemployment Compensation Board of Review, Decision No. B-18626, dated July 28, 1980, is affirmed.

AMENDED ORDER

Now, July 20, 1982, because the decision number of the board was incorrect on our order of July 6, 1982, it is Ordered that said order is amended to read as follows:

Now, July 20, 1982, the order of the Unemployment Compensation Board of Review, Decision No. B-186269, dated July 28, 1980, is affirmed.

Judge WILLIAMS, JR. dissents.