Reinaldo Cruz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 8, 1983, to Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Thomas P. Leonard,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge MacPhail, August 25, 1983:

Reinaldo Cruz (Claimant) appeals here from a decision of the Unemployment Compensation Board of Review (Board) which adopted and affirmed the decision of a referee finding Claimant ineligible for benefits, under Section 401(d)(1) of the Unemployment Compensation Law (Law),[1] and ordering that a fault overpayment in the amount of $639.00 be recouped under Section 804(a) of the Law.[2] We affirm.

Claimant was incarcerated in Lehigh County Prison from June 23, 1981 to November 4, 1981. While incarcerated he applied for unemployment benefits through the mail claim procedure beginning the week ending June 27. There is no evidence that Claimant advised the Office of Employment Security (Office) of his incarceration.

Each Friday during his incarceration the prison authorities gave Father Reuben Rodriquez, Claimant's spiritual advisor, permission to remove Claimant from jail for counseling and to allow Claimant to actively search for work. Claimant's job search on these Fridays included visits to the Job Service Office and to various employers within the Lehigh Valley labor market.

Claimant was released from prison on November 4, 1981 and secured a job with Roof Engineers on November 10, 1981.

On November 16, 1981, the Office issued a corrected notice of determination of overpayment of benefits finding that Claimant received $639.00 in benefits to which he was not entitled covering com-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d)(1). Section 401(d)(1) provides, inter alia, that compensation is payable to any employee who is unemployed, who is able to work and who is available for suitable work.

[2] 43 P.S. §874.

pensable weeks from June 27, 1981 through October 24, 1981. The Claimant took the necessary appeals. The Board ultimately found that Claimant was not able to work nor was he available for work since "actively seeking work one day a week while incarcerated does not satisfy the basic purpose" of Section 401(d)(1) of the Law. The Board further found, based on a certified letter from a counselor employed in the treatment department of the prison, that the Claimant was never on a work-release program. The referee then determined that since Claimant withheld the fact of his incarceration from the Office that the overpayment must be recouped.

Claimant challenges the Board's decision on two bases. First, he contends that he was able to work and available for work since he was on a work-release[3] program and because he made a weekly job search. Secondly, Claimant argues that the record contains no

---

[3] Claimant states that if this Court questions the work-release status of the Claimant that it should remand the case to allow an affidavit of a Work Release Coordinator (Ms. Leander) of the prison to be entered on the record. This affidavit, annexed to Petitioner's brief, states that Claimant was approved for participation in a work-release program on July 29, 1981 *if* he had a job offer acceptable to the trial judge. We have said on numerous occasions that matters not of record will not be considered on appellate review. It is apparent that the affidavit could have and should have been submitted at the hearing. We cannot aid the Petitioner at this stage of the proceedings. We are not a fact finder and where, as here, the facts as found by the Board are supported by substantial evidence, even though evidence was also introduced to the contrary, we are bound by the Board's findings. *Martin v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 304, 306, 387 A.2d 998, 1000 (1978). In this case, the Board received evidence from the prison that Claimant was not on a work-release program and testimony from Claimant that he was. The Board resolved this credibility issue in favor of the prison. We see no need to remand here for the presentation of more evidence on this issue since the Board was presented with both sides.

evidence of any culpability on Claimant's part mandating the recoupment of a fault over-payment.

To resolve Claimant's challenge that he was available for work while incarcerated, we must look to the case of *Greer v. Unemployment Compensation Board of Review*,[4] 38 Pa. Commonwealth Ct. 310, 392 A.2d 918 (1978) for guidance.

In *Greer* the claimant was incarcerated for violation of a support order. The Berks County Court which sentenced the claimant ordered that he be placed in the prison work-release program and conditioned his release upon either obtaining employment or paying the support order arrearages in full. The only restriction placed upon his availability for work was that he could not leave the prison alone to seek employment. In spite of his good faith efforts, claimant was unable to secure a job. In awarding claimant benefits the Court stated:

> We do not today hold that all prisoners involved in work release programs are eligible for unemployment compensation. Each case must be decided on its own facts. However, where, as here, a claimant was receiving benefits at the time of his incarceration, has placed no restrictions on his availability, has shown a good faith desire to find work, coupled with the fact that his release from prison was expressly conditioned upon his obtaining employment, the mere fact that the terms of his incarceration require that he be accompanied by a prison official when he leaves to find work will not justify the denial of benefits.

---

[4] Both parties agree that this is the only case decided by this Court governing the eligibility of a claimant under Section 401(d)(1) while in prison. Our research has not disclosed any others.

The instant case, however, does have critical factual differences from *Greer*. Here, there is no record evidence that the order which sentenced Claimant to serve almost six months in prison, nor any other order, instructed that Claimant be placed on a work-release program or conditioned his release on obtaining a job. Furthermore, in *Greer* the claimant was not restricted to searching for a job only one day a week as was the instant Claimant. On the facts of this case we cannot say that Claimant was realistically attached to the labor market and available for suitable work. The Board's denial of benefits is affirmed.

Concerning the second issue, as to whether the record contains evidence of any culpability[5] on Claimant's part, subjecting him to a fault overpayment recoupment, we again agree with the Board's resolution.

Claimant contends that "[t]he Board's reasoning is based on the faulty premise that it is illegal for incarcerated prisoners to seek unemployment benefits and therefore must be done surreptitiously." It is true that being incarcerated does not necessarily mean a claimant is not entitled to unemployment compensation benefits. Rather, the facts of each case are determinative of whether a claimant prisoner is entitled to benefits. In the instant case, the failure on Claimant's part to inform the unemployment authorities that he was in prison makes him blameworthy, not his voluntary act of applying for benefits while incarcerated.

Clearly, a prisoner who is not able to leave prison to go to work cannot be available for work; as such, he cannot be entitled to benefits. The Claimant had a

---

[5] The Board "must find more than a voluntary act to support a finding of fault; it must determine whether 'blame, censure, impropriety, shortcoming, or culpability attaches' to the appellant." *Rozanc v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 369, 371, 366 A.2d 611, 612 (1976).

duty to inform the unemployment authorities that he was incarcerated and to tell them whether or not he was on a work-release program, since these were major factors the Office would necessarily employ in determining whether Claimant was realistically attached to the labor market and whether he was available for work. Without such information the Board could not fairly determine his eligibility for benefits. Claimant's failure to make these necessary facts known to the Office attaches culpability to him. Claimant's omission subjects him to fault overpayment recoupment by the Board.

Order affirmed.

### ORDER

It is ordered that the order of the Unemployment Compensation Board of Review dated January 14, 1982 and numbered B-202664 is hereby affirmed.