Albert Hawkins, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

115

Submitted on briefs September 12, 1983, to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Lenore M. Urbano,* for petitioner.

*James K. Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 22, 1984:

Albert Hawkins (claimant) appeals from the decision and order of the Unemployment Compensation Board of Review denying his claim for benefits pur-

suant to Section 402(e) of the Unemployment Compensation Law.[1]

The findings of fact entered by the Board reflect the following factual scenario. The claimant was employed as a machine operator by TRW Valve Division (employer) for four years. The entire plant was shut down on December 19, 1980, and reopened on January 5, 1981. During the plant shutdown, on December 24, 1980, the claimant was arrested and incarcerated in connection with an incident unrelated to his job. When by January 5, 1981, he had not yet made bail, the claimant had his fiancee's mother telephone the employer to request a personal leave of absence. The request was made to the employer, but was denied on the ground that the company personnel policy required that there be prior approval for leaves of absence. The personnel policy also made unauthorized absence for three consecutive days an offense punishable by dismissal. The claimant was released on bond on March 5, 1981. Upon his release, he telephoned his employer and was notified that his employment had been terminated on January 8, 1981 due to violation of the company's attendance policies.

On the foregoing facts, the Board concluded that the claimant engaged in willful misconduct and was disqualified for benefits. Specifically, the Board reasoned that "[w]hile the claimant's absence was reported to the employer, the reason for such absence was not consistent with good cause, and the employer had a justifiable reason for refusing such request [for a leave]." We reverse.

Our scope of review in a case such as this is well-defined: we are limited to determining whether the

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

factual findings on which the Board's decision is based are supported by substantial evidence, and whether there has been an error of law or showing of fraud. *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). Upon reviewing the record, we find no reason to disturb the Board's factual findings. However, we fail to find sufficient evidence to support the Board's legal conclusion that the claimant engaged in willful misconduct.

The Pennsylvania Supreme Court made clear in *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976) that, in applying Section 402(e) of the Law, willful misconduct is not established by merely showing that the claimant breached a company rule or policy. A further inquiry is necessary to determine whether the claimant's actions were justifiable under the circumstances. *Id.* If his actions were consistent with good cause, benefits must be allowed. *Id.* Although there is no question that the claimant failed to report on three consecutive days, we find on this record insufficient basis to conclude that his actions constituted a willful or wanton disregard of his obligation to his employer. *See Warminster Fiberglass Company v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 385, 327 A.2d 219 (1974).

The record in this case establishes beyond any doubt that the employer was aware of the claimant's incarceration even before receiving that information from the claimant's future mother-in-law. Accordingly, the employer was well aware that unless the claimant was able to make bail he would be unable to return to work. Furthermore, it was inevitable, once the employer denied the claimant's request for a leave of absence, that the company's absenteeism policy

would be breached unless the claimant could somehow post bond within three days. Meanwhile, we find nothing in the record to indicate that the claimant had the ability to effect his own release from jail prior to the date that he satisfied his bond. Nor do we find any basis for concluding that disqualifying misconduct should be inferred from the mere fact of the claimant's incarceration. The claimant was not incarcerated due to a conviction for criminal activity; he was incarcerated subsequent to arrest pending trial or his posting of bail. This case is, thus, distinguishable from *Median v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 323, 423 A.2d 469 (1980), where the claimant was convicted for assault and sentenced to six months in prison. Under these circumstances, we see little more that the claimant could have done to preserve his employment relationship: as soon as the plant shut-down was over, he arranged for his employer to be contacted to notify of his whereabouts and to request a leave;[2] and as soon as he was released from jail, he contacted his employer to check on the status of his job. While we have no qualms with the employer's right to enforce minimum attendance standards, we find no basis for holding that the claimant's breach of those standards was willful or wanton.

The Board urges us to affirm the determination of ineligibility on the ground that the claimant had an employment record which was no model of excellence. Certainly, a claimant's employment history is relevant for purposes of establishing prior warnings or his understanding of his employer's expectations. *See*

---

[2] We have held that, unless clearly prohibited by an employer's reporting procedure, notice of anticipated absence may be given by a third person. *Glasser v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 29, 404 A.2d 768 (1979).

*Harmon v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 221, 439 A.2d 900 (1982). However, the claimant was not dismissed due to his unexemplary employment record. He was dismissed for failure to report to work on three consecutive days. Clearly, a denial of benefits may not be justified on grounds never asserted by the employer for the dismissal.

Although not raised by either party, we note that we find insufficient basis in this record to disqualify the claimant pursuant to Section 3 of the Law. That section articulates the legislature's intent that benefits be afforded those persons who are unemployed through no fault of their own.[3] We have previously held that:

> In order to deny compensation under Section 3, more is needed than mere evidence of an *arrest* for a crime. The employer must present some evidence showing conduct of the claimant leading to the criminal arrest which is incon-

---

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §752. This section provides in pertinent part:
Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods when they become unemployed *through no fault of their own* . . . . The Legislature, therefore, declares that in its considered judgment the public good . . . require[s] . . . the enactment of this act for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed *through no fault of their own.* (Emphasis added.)
This provision has been held to have substantive effect and application. *Wilson v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 531, 428 A.2d 288 (1981); *Strokes v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 584, 372 A.2d 485 (1977), *aff'd per curiam*, 487 Pa. 448, 409 A.2d 854 (1980).

sistent with acceptable standards of behavior and which *directly* reflects upon his ability to perform his assigned duties.

*Unemployment Compensation Board of Review v. Derk,* 24 Pa. Commonwealth Ct. 54, 57, 353 A.2d 915, 917 (1976). (Emphasis in original); *accord Drumm v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 449, 462 A.2d 345 (1983). The record reflects no evidence of behavior associated with the arrest which is incompatible with the claimant's job responsibilities.

Accordingly, the decision of the Unemployment Compensation Board of Review is reversed, and the case remanded for computation of benefits.

### Order

And Now, this 22nd day of March, 1984, the order of the Unemployment Compensation Board of Review at B-197949 is reversed and the case remanded for calculation of benefits.

Judge Rogers dissents.