**ADRIAN PLUNKETT, Petitioner**

v.

**V.I. EMPLOYMENT SECURITY AGENCY, UNEMPLOYMENT INSURANCE SERVICE, Respondent**

Civil No. 83-287

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 3, 1984

NELSON L. JONES, ESQ., of Counsel, Legal Services of the V.I., St. Thomas, V.I., *for petitioner*

DEPARTMENT OF LAW, St. Thomas, V.I., *for respondent*

CHRISTIAN, *Chief Judge*

## MEMORANDUM

This is an appeal from a final determination of the Virgin Islands Employment Security Agency (hereinafter "the Agency") denying petitioner Adrian Plunkett unemployment insurance benefits under the Virgin Islands Unemployment Insurance Act (hereinafter "the Act"), 24 V.I.C. §§ 301–309. After a careful review of the record, the Court finds that there is substantial evidence to support the Agency's decision. The decision of the Agency will, therefore, be affirmed.

Petitioner worked for the Virgin Islands Water and Power Authority (WAPA) as an Instrument Technician Trainee. Because of a labor dispute, petitioner filed a grievance with the Union but failed to report to work after April 1, 1983. Nor did he give notice to his employer of his intended absence. The sole excuse offered by petitioner for these shortcomings was that he "thought that the Union was supposed to handle it" (Tr. 14.) WAPA terminated petitioner's employment on April 25, 1983, for failing to give notice of his absence between April 1, 1983, and April 25, 1983. On May 23, 1983, petitioner filed a notice of unemployment with the Agency requesting unemployment insurance benefits. The Agency denied the request and on appeal the Hearing Examiner affirmed this decision. See 24 V.I.C. § 306. The Hearing Examiner concluded that petitioner's unexcused absences violated the section of the Collective Bargaining Agreement cited by the employer. She further concluded that a violation of a union agreement could be considered misconduct and subject an employee to a denial of benefits.

Under the Act, a person does not qualify for unemployment insurance benefits if he is discharged from his most recent employment for misconduct. 24 V.I.C. § 304(b)(3). Petitioner's brief would have

the Court focus on the applicability of the Collective Bargaining Agreement to his particular job classification. We think, however, that the issue to be resolved is whether petitioner's failure to contact his employer during his absence from work constitutes misconduct, thus disqualifying his eligibility for unemployment benefits.

■ While this Court has not previously defined misconduct within the purview of the Act, other jurisdictions with similar statutes have held conduct similar to petitioner's to be misconduct. See, e.g., White v. Unemployment Compensation Board of Review, 69 Pa. Commw. 196, 450 A.2d 770 (1982) (Absence for even one day without credible justification and without notification to the employer is a basis for the denial of benefits). Petitioner's failure to contact his employer during his absence evidences such disregard for the best interests of his employer as to constitute misconduct as a matter of law. Masko v. Unemployment Compensation Board of Review, 67 Pa. Commw. 296, 447 A.2d 328 (1982); see, generally, Annot., 58 A.L.R.3d 674 (1974).

■ On appeal from a decision of the Hearing Examiner, this Court is called upon to determine whether the Examiner committed an error of law and whether there is substantial evidence to support the Examiner's findings of fact. 24 V.I.C. § 306(e)(3). We hold that the legal conclusion of the Hearing Examiner is supported by substantial evidence. This is not to say, however, that we endorse the Hearing Examiner's apparent conclusion that breach of a collective bargaining agreement constitutes misconduct *per se*. Indeed, we reject this notion. Rather, we conclude that an extended, unexcused absence constitutes misconduct as a matter of law.[1]

---

[1] We may affirm the order of the Hearing Examiner for any reason supported by the record even though the basis of the Examiner's decision is different from our own. See Helvering v. Gowran, 302 U.S. 238 (1937); Teamsters Union Local No. 115 v. Desoto, Inc., 725 F.2d 931 (3d Cir. 1984).