556 A.2d 15

Charlotte Frank, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 10, 1989, before Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Barbara L. Smith, Mahany, Roeder & Smith,* for petitioner.

*John E. Herzog,* Assistant Counsel, with him, *James K. Bradley,* Assistant Counsel, and *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, March 20, 1989:

Charlotte Frank (Claimant) petitions for our review of an order of the Unemployment Compensation Board of Review (Board) denying her unemployment compensation benefits pursuant to Section 3 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §752.

Claimant was employed as a part-time hostess and bookkeeper by the Sanray Corporation (Perkins Restaurant) (Employer) from November 1, 1978 to September 20, 1987. In January 1987, Claimant was arrested and charged with two counts of welfare fraud. She entered a

guilty plea to one count of welfare fraud in May 1987. She was sentenced on August 26, 1987 to serve 2 1/2 to 23 months in jail. Claimant's supervisor was aware of the charges against Claimant and of her subsequent guilty plea and sentence.

Despite Claimant's conviction, she was allowed to continue working. When Claimant was about to begin her jail term, her supervisor suggested that she apply for a leave of absence and made the request on her behalf. The request was denied, apparently after Claimant was incarcerated. When she was released on November 13, 1987, she was informed that her request for a leave of absence had been denied, that her position had been filled, and that she had been terminated.

Upon Claimant's application for benefits, the Office of Employment Security (OES) denied benefits on the basis of Section 402(b) of the Law, 43 P.S. §802(b) (voluntary termination of employment without cause of a necessitous and compelling nature). Claimant appealed and a referee, with the parties' consent, denied benefits under Section 3 of the Law. The Board affirmed the referee's denial of benefits and this appeal followed.

Our scope of review on appeal is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or whether necessary findings of fact are not supported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). The issues Claimant raises for our consideration all turn upon the sole legal issue of whether the Board erred in denying benefits upon the above-summarized facts.

Section 3 of the Law provides, as a matter of public policy, for the provision of unemployment compensation

benefits to claimants who become unemployed through no fault of their own. We have held on numerous occasions that this section has substantive effect and application. *See, e.g., Snelson v. Unemployment Compensation Board of Review*, 93 Pa. Commonwealth Ct. 539, 502 A.2d 734 (1985).

In cases involving criminal activity not connected to the workplace, we have held that Section 3 may be used to disqualify a claimant provided that the employer produce evidence to show 1) that the claimant's conduct was contrary to acceptable standards of behavior and 2) that the conduct in question directly reflects upon the claimant's ability to perform his assigned duties. *Unemployment Compensation Board of Review v. Derk*, 24 Pa. Commonwealth Ct. 54, 353 A.2d 915 (1976); *Snelson*. Although Claimant here argues in her brief that her Employer failed to meet its burden on both prongs of the *Derk* test, we need only focus on the latter of the two.[1]

Both parties, the Board's factual findings and the record before us are in agreement regarding one salient point: Claimant's employment was terminated because of her unavailability for work due to her incarceration. The Employer presented no testimony which would tend to indicate that it considered Claimant's conduct which led to her conviction to reflect upon her ability to perform her duties as hostess and bookkeeper. Rather, despite knowledge of the charges against her, her guilty plea and ultimate sentence, Claimant was allowed to continue working. Indeed, when Claimant's incarceration was imminent, her supervisor suggested that she request a leave

---

[1] Indeed, Claimant's counsel conceded at oral argument that there is case law which would support a conclusion that a welfare fraud conviction does not constitute acceptable behavior. *See, e.g., Wilson v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 531, 428 A.2d 288 (1981).

of absence and did so on her behalf. Although the corporate office denied the request, there was simply no indication that the Employer took or would have taken any steps to terminate Claimant's employment because of her conviction had she been able to continue working. This distinguishes Claimant's situation from that of claimants discharged because of the conduct leading to their arrest or conviction. *See, e.g., Masom v. Unemployment Compensation Board of Review*, 107 Pa. Commonwealth Ct. 616, 528 A.2d 1057 (1987) (claimant, who worked in a position of trust for a public employer, was discharged following a drug conviction); *Snelson* (claimant, an employee in a drug and alcohol rehabilitation center, killed a co-worker while intoxicated). In short, it is evident here that Employer failed to meet its burden of proof on the second prong of the *Derk* test.[2]

In its brief, the Board argues that the second prong of the *Derk* test has been established, because Claimant's unavailability for work directly reflected upon her ability to perform her assigned duties. As Claimant points out, we rejected a similar argument in *Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review*, 96 Pa. Commonwealth Ct. 38, 506 A.2d 974 (1986) (SEPTA). In *SEPTA*, the claimant had been involved in a domestic quarrel during which he was shot. Claimant was hospitalized and eventually used up his sick leave benefits. The employer argued that the claimant was discharged not only for the shooting incident, but also because he had overextended his sick leave, which, the employer argued, was the fault under Section 3. As this Court pointed out, the employer was attempting to link the non-work-related conduct (the

---

[2] Accordingly, because the two requirements are cumulative, it is irrelevant whether Claimant's conduct was contrary to acceptable standards of behavior.

shooting incident), covered by Section 3, with the work-related conduct (failure to report upon expiration of sick leave) covered by Section 402(e), 43 P.S. §802(e), in order to establish the fault or non-work-related misconduct of Section 3, which we did not allow. In other words, we rejected the argument that the conduct which reflected upon claimant's ability to perform his work was the failure to come to work, which is essentially the argument which the Board is making here.

At oral argument, counsel for the Board frankly acknowledged that this Claimant was discharged not for conduct leading to the welfare fraud conviction, but because she was not available for work because of her incarceration. The failure to report to work following the denial of a leave of absence is work-related misconduct and therefore does not properly fall under Section 3.

This conclusion, however, does not end our inquiry. In *Medina v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 323, 423 A.2d 469 (1980), this Court held that the failure to report for work because of incarceration may constitute willful misconduct as a matter of law under Section 402(e). In *Medina*, we were dealing with a discharge for absenteeism due to incarceration, which we find to be factually indistinguishable from a termination for failure to report following the denial of a leave of absence, as here.

Several factors convince us that Section 402(e) is the proper section under which to analyze the facts of this case, and that we should proceed to do so at this juncture.[3] Whether certain conduct constitutes willful mis-

---

[3] We recognize that a remand would be required under certain circumstances. For example, in *Robinson v. Unemployment Compensation Board of Review*, 119 Pa. Commonwealth Ct. 133, 546 A.2d 750 (1988), the Board relied on Section 402(e) for its denial of benefits for non-work-related conduct. We determined that Section 3 was applicable, necessitating a remand for additional findings of fact.

conduct is a question of law, fully reviewable by this Court. *Heins v. Unemployment Compensation Board of Review*, 111 Pa. Commonwealth Ct. 604, 534 A.2d 592 (1987). In a willful misconduct case, the employer bears the burden of proof, as it does in a Section 3 case to establish that the two prongs of the *Derk* test have been met. Therefore, neither party will be prejudiced by our disposition because their respective burdens remain unchanged. *See, e.g., Hine v. Unemployment Compensation Board of Review*, 103 Pa. Commonwealth Ct. 267, 520 A.2d 102 (1987). In addition, we have considered the fact that Section 402(e) was specifically noted as one of the four possible applicable sections of the Law on the Notice of Hearing on Original Appeal forwarded to both parties before the referee's hearing. *Id.*

We have also considered the possible prejudice to Claimant by our depriving her of the opportunity to demonstrate good cause by disposing of the case without a remand. This issue, too, is settled by our holding in *Medina,* wherein we stated:

[I]t is difficult, upon analysis, to substantiate the position that a prison sentence is good cause for absence. The concept of 'good cause' has been characterized as an action of the employee that is justifiable or reasonable under all the circumstances. Frumento v. Unemployment Compensation Board of Review, 466 Pa. 81, 351 A.2d 631 (1976). Although a prison term may be a circumstance that is beyond the power of the employee to change, it does not follow that the absence is 'reasonable or justifiable.' Certainly an employee who engages in criminal activity punishable by incarceration should realize that his ability to attend work may be jeopardized.

*Id.* at 326, 423 A.2d at 471.

.

Finally, as we concluded in *Medina* at 327, 423 A.2d at 471, "[a] contrary holding could produce ludicrous results. An employer should not be expected to hold a position open for months, or years, until [its] employee has completed his prison sentence."

Because we conclude that Claimant's conduct under the facts of this case constitutes willful misconduct as a matter of law, we will affirm the Board's denial of benefits.[4]

## ORDER

AND NOW, this 20th day of March, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

[4] It is clear that we may affirm on other grounds where grounds for affirmance exist. *See Waltz v. Unemployment Compensation Board of Review*, 111 Pa. Commonwealth Ct. 54, 533 A.2d 199 (1987).