564 A.2d 1046

**Walter ANDERSON, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 30, 1989.

Decided Oct. 12, 1989.

Reargument Denied Dec. 21, 1989.

Petition for Allowance of Appeal Denied May 30, 1990.

John Stember, Lionel C. Fedel, Neighborhood Legal Services Assoc., Pittsburgh, for petitioner.

Notice of non-participation filed by respondent.

Glenn M. Olcerst, Marcus & Shapira, Pittsburgh, (Notice of Intervention), for OK Grocery Co.

Before CRUMLISH, Jr., President Judge, and PALLADINO, (P.) and SMITH, JJ.

PALLADINO, Judge.

Walter Anderson[1] (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which denied his claim for benefits pursuant to Section 402(e) of the Unemployment Compensation Law.[2] We affirm.

OK Grocery Company (Employer) employed Claimant as a warehouseman. Employer had a progressive disciplinary policy where an employee could be terminated for an accumulation of chargeable absences. Claimant had accumulated a number of chargeable absences that resulted in warnings and a suspension.

On or about March 1, 1988, Claimant was arrested as a result of a domestic dispute and incarcerated for 45 days pending trial. Six days of his pre-trial incarceration, combined with his prior chargeable absences, resulted in Claimant's discharge because he exceeded the absence limit.

The Office of Employment Security (OES) denied benefits, and on appeal, a referee reversed the determination of OES and granted Claimant benefits. Employer appealed to

1. This opinion was reassigned from Judge Kalish to Judge Palladino on September 6, 1989.

2. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). This section provides in pertinent part as follows:

An employe shall be ineligible for compensation for any week—

....

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act ...

the Board, which concluded that Claimant had engaged in willful misconduct[3] and reversed the award of benefits. Claimant filed a timely appeal with this court.[4]

Claimant raises three issues on appeal: 1) whether absence from work because of pre-trial incarceration is sufficient to establish willful misconduct; 2) whether conduct unrelated to Employer's decision to discharge may be the basis for denial of benefits; and 3) whether an absence reported to a third party excuses willful misconduct.

■ Claimant relies on *Hawkins v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 114, 472 A.2d 1191 (1984) for the proposition that pre-trial incarceration resulting in absence is not willful misconduct. Claimant's reliance on *Hawkins* is misplaced.

In *Hawkins*, the Board made a finding that the claimant's absence was reported to the employer. We have no such finding of fact here.

Here, the Board disqualified Claimant with the following language:

[T]he employer discharged claimant once claimant reached the requisite number of chargeable absences which would result in discharge. There is not sufficient evidence in the record to show that claimant contacted the employer to report off from work and to inform the employer of claimant's incarceration....

Board Opinion at 2.

This case is controlled by *Masko v. Unemployment Compensation Board of Review*, 67 Pa. Commonwealth Ct. 296,

---

**3.** Willful misconduct has been defined as:
An act of wanton or willful disregard of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employee's duties and obligations to the employer. *Wysocki v. Unemployment Compensation Board of Review*, 87 Pa.Commonwealth Ct. 260, 264, 487 A.2d 71, 73 (1985).

**4.** Our scope of review is limited to a determination of whether findings of fact are supported by substantial evidence, constitutional rights were violated or errors of law committed. *Schneider v. Unemployment Compensation Board of Review*, 105 Pa.Commonwealth Ct. 238, 523 A.2d 1202 (1987).

447 A.2d 328 (1982) where a claimant was incarcerated pre-trial pending the posting of bond. The Board found that because the claimant missed work and failed to notify the employer, the absence constituted willful misconduct as a matter of law. Here, the Board determined that Claimant failed to notify Employer and Claimant missed work because of incarceration while failing to post bond. On these facts, the instant case is indistinguishable from *Masko*. Therefore, Claimant's absence was willful misconduct.

Claimant next argues that the Board improperly relied upon the failure to give notice because it was not cited by Employer as a reason for the discharge. Claimant was discharged for excessive *chargeable* absences. Notice to Employer is an element included to determine if an absence is chargeable.[5] Claimant violated a reasonable work rule which required notice to Employer of absences. Without notice, the absence became chargeable. After Claimant accumulated a certain number of chargeable absences, he was properly discharged. Therefore, the Board did not rely on grounds for dismissal that Employer did not assert.

Finally, on the issue of notice to Employer through a third party: the Board found that Claimant informed a union representative of his incarceration but Employer's absenteeism policy requires that the employee shall notify his supervisor. (See footnote 5) Therefore, this argument is meritless.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, October 12, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.

CRUMLISH, Jr., President Judge, dissents.

5. "An employee detained from work for any reason shall notify his supervisor as soon as possible of his inability to report for work." Employer exhibit No. 1.