Kathy M. WEEMS, Petitioner

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 18, 2008.

Decided April 15, 2008.

Publication Ordered June 26, 2008.

Sara A. Austin, York, for petitioner.

Carol J. Mowery, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY President Judge LEADBETTER.

Kathy M. Weems (Claimant) petitions for review of the order of the Unemployment Compensation Board of Review (Board), affirming the referee's decision finding Claimant ineligible for benefits on the ground of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law.[1] On appeal to this court, Claimant argues that the Board erred as a matter of law in holding that her behavior constituted willful misconduct. We affirm.

The Board made the following findings of fact:

1. The claimant was last employed as a Press Operator by Harley Davidson for six years at a final rate of $21.45 per hour, and her last day of work was June 23, 2006.

2. The claimant was incarcerated on June 26, 2006, following her conviction for assault.

3. The employer discharged the claimant.

4. The claimant was released from prison on April 11, 2007, and filed an application for benefits.

See Board's Findings of Fact (F.F.).

After her release from prison, Claimant applied for unemployment compensation

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937), *as amended,* 43 P.S. § 802(e).

benefits. The Lancaster Unemployment Compensation Service Center denied benefits. Claimant appealed and, after a hearing, a referee affirmed the ruling and denied benefits. Claimant appealed to the Board, whose order denying benefits is under review here.

■ Claimant asserts that her actions as an employee of Harley Davidson (Employer) did not rise to the level of willful misconduct.

> While willful misconduct is not defined by statute, it has been judicially described as: (1) the wanton and willful disregard of the employer's interests, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Guthrie v. Unemployment Comp. Bd. of Review,* 738 A.2d 518, 521 (Pa.Cmwlth. 1999) [citing *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Comp. Bd. of Review,* 10 Pa.Cmwlth. 90, 309 A.2d 165, 168–69 (1973)]. Several elements can support a finding of absenteeism as willful misconduct, including excessive absences and lack of good or adequate cause for the absence. *See Medina v. Unemployment Comp. Bd. of Review,* 55 Pa.Cmwlth. 323, 423 A.2d 469 (1980).

■ Claimant informed Employer that she would be serving a nine-month prison sentence for her assault conviction. A nine-month absence due to incarceration clearly constitutes excessive absence. As we stated in *Medina,* imprisonment is not good or adequate cause for absence because "an employee who engages in criminal activity punishable by incarceration should realize that his ability to attend work may be jeopardized." *Id* at 471. It is the inability to attend work, not the criminal conduct, which supports the finding of willful misconduct. *See id.* Thus, Claimant's conduct did rise to the level of willful misconduct.

Claimant argues that even though she was imprisoned, she was eligible for a work release program and was therefore ready and able to work. She argues that it was Employer's refusal to participate in the work release program that prevented her from working. This argument is flawed because the Board's Findings of Fact (F.F.) do not include a finding that Claimant was eligible for a work release program. *See* Board's F.F. In *Cruz v. Unemployment Comp. Bd. of Review,* 76 Pa.Cmwlth. 549, 464 A.2d 656 (1983), we affirmed an order denying a claimant benefits while he was incarcerated despite his claims that he was eligible for a work release program. We based this decision in part on the lack of any evidence of an order placing the claimant in such a program. *Id.* Here, aside from Claimant's testimony that she was eligible for work release, there is no evidence on the record of any court order related to a work release program.

■ Even if such an order does exist, we are not aware of the limitations it might place on Claimant or the responsibilities it might impose on any potential employer. Claimant has not cited any case law suggesting that Employer is obligated to participate in a work release program. Employer cannot be expected to change the conditions of employment in order to accommodate Claimant. In finding the prohibition of unemployment benefits for incarcerated individuals constitutional, we suggested that the General Assembly "could have felt that while on work release, because of restrictions nec-

essarily imposed under those programs, prisoners were not sufficiently available for work so as to permit them to have a full range of employment options that other claimants have in pursuing new employment." *Kroh v. Unemployment Comp. Bd. of Review,* 711 A.2d 1093, 1096 (Pa.Cmwlth.1998). Employers need not adapt work release restrictions that change the terms of employment. The decision by Employer not to participate in a work release program does not excuse Claimant's absence from work. Claimant had an obligation to report to work regardless of whether Employer agreed to participate in the work release program.

Accordingly, we affirm.

### ORDER

AND NOW, this 15th day of April, 2008, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.