IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yves A. Eliscar,                             :
                    Petitioner              :
                                             :
          v.                                 :   No. 157 C.D. 2017
                                             :   SUBMITTED:  October 6, 2017
Unemployment Compensation                    :
Board of Review,                             :
                    Respondent               :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. WESLEY OLER, JR., Senior Judge

OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE OLER, JR.              FILED:  November 3, 2017


          Yves A. Eliscar (Claimant), *pro se*, petitions for review of the
December 5, 2016 order of the Unemployment Compensation Board of Review
(Board), which affirmed the referee's decision denying Claimant unemployment
compensation (UC) benefits under Section 402(e) of the Unemployment
Compensation Law (Law)[1] for willful misconduct.  We affirm.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(e).  Section 402(e) of the Law provides that an employee shall be ineligible for benefits for
any week "[i]n which his unemployment is due to his discharge … from work for willful
misconduct connected with his work."  43 P.S. § 802(e).

Claimant applied for UC benefits following his separation from employment with GCA Nuclear Facility Services (Employer). The Duquesne UC Service Center (Department) denied benefits pursuant to Sections 402(b) and 402.6 of the Law,[2] on the grounds that Claimant voluntarily quit due to being incarcerated and that Claimant's incarceration was the result of a conviction, respectively. (Certified Record (C.R.), Item No. 6.)

Claimant appealed to the referee who conducted a hearing at which Claimant and a witness for Employer appeared and testified. At the hearing, the referee informed the parties that he would also consider Section 402(e) of the Law, noting that the Notice of Hearing also listed this as an issue.[3] (C.R., Item No. 10, N.T. at 11; *see* C.R., Item No. 9.) Subsequently, the referee issued a decision, which affirmed as modified the Department's determination and denied benefits under only Section 402(e) of the Law. (C.R., Item No. 11.)

Claimant appealed to the Board, which made the following findings of fact:

1.  The claimant was employed full-time with GCA Nuclear Facility Services as a janitor, earning $10 per hour. The claimant began employment on June 5, 2015, and was last employed on July 13, 2016.

---

[2] Section 402(b) of the Law provides that an employee shall be ineligible for benefits where he voluntarily terminated his employment without necessitous and compelling cause. 43 P.S. § 802(b). Section 402.6 of the Law provides that an employee shall be ineligible for benefits for any weeks in which he is incarcerated after a conviction. Section 402.6 of the Law, added by Section 2 of Act of October 30, 1996, P.L. 738, 43 P.S. § 802.6.

[3] On his Internet Initial Claims form, Claimant asserted that he was discharged. (C.R., Item No. 2, Question No. 10.)

2

2. The employer maintains a company call-in requirement, which all staff must adhere to, specifically: … any employee who fails to call-in to report an intended absence as required on at least three (3) consecutive days will be considered to have abandoned their employment with GCA Services Group, Inc.

3. The claimant was aware of the employer's company call-in requirement.

4. On July 13, 2016, the claimant was incarcerated and charged with aggravated assault in the state of Delaware.

5. The claimant was incarcerated from July 13, 2016, until his release on July 26, 2016.

6. The claimant did not contact the employer while he was incarcerated and did not report for work during this period of time.

7. The claimant's charges are pending, and there has been no final disposition of the claimant's charges.

8. On July 27, 2016, the claimant contacted the employer to inquire about the status of his employment.

9. The employer considered that the claimant abandoned his job in accordance with the employer's policy.

(Board's Findings of Fact (F.F.) Nos. 1-9.)

On December 5, 2016, the Board issued a decision and order affirming the referee's decision and denying benefits under Section 402(e) of the Law, 43 P.S. § 802(e), on the grounds of willful misconduct. Specifically, the Board determined that Claimant violated Employer's policy to call in absences and that Claimant did

not establish good cause for violating the policy. The Board also determined that Claimant did not establish proper cause for the Board to issue subpoenas that could have been requested at the first hearing. Claimant requested reconsideration, which was denied.

Claimant now petitions this Court for review.[4] Before this court, Claimant raises issues pertaining to the procedure before the referee, as well as to the merits of the Board's determination that Claimant committed willful misconduct.[5] We will address the procedural issue first.

Claimant argues that the referee committed an error of law by failing to issue subpoenas to obtain records and to compel attendance of a witness. Claimant

---

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[5] Claimant also argues: (1) that he is entitled to remuneration equal to six times his benefit rate under section 402(e) of the Law, 43 P.S. § 802(e), apparently referring to language taken out of context from Section 401(f) of the Law, 43 P.S. § 801(f) (concerning qualifications to secure compensation); (2) that Employer made false statements to prevent or reduce compensation to Claimant and therefore violated Section 402(a)(1) of the Law, 43 P.S. § 802(a)(1) (concerning ineligibility for compensation if one's unemployment is due to failure, without good cause, to apply for or accept suitable employment); (3) that Employer failed to prove that Claimant was both convicted and incarcerated as required by Section 402.6 of the Law, 43 P.S. § 802.6.

Claimant failed to raise these issues before the Board. (*See* C.R., Item Nos. 12, 14.) Failure to raise an issue before the tribunal below is a waiver and precludes review by this Court. *See* Pa. R.A.P. 1551; *Schneider v. Unemployment Compensation Board of Review*, 523 A.2d 1202, 1204 (Pa. Cmwlth. 1987). In any event, Claimant's arguments are without merit. With the exception of Section 402.6 of the Law, 43 P.S. § 802.6, none of these sections was ever at issue in this case. Regarding Section 402.6 of the Law, 43 P.S. § 802.6, neither the referee nor the Board based the determination of ineligibility on that section.

4

maintains that he is entitled to a remand for a hearing to develop the record.[6] After reviewing the record, we find no error or abuse of discretion. It was within Claimant's power to seek a subpoena,[7] and we find no evidence that he did so before the referee or that he advanced proper cause for the Board to do so when the subpoena could have been requested at the first hearing. To order a remand under these circumstances would allow Claimant the proverbial second bite-at-the-apple. *See Emery Worldwide v. Unemployment Compensation Board of Review*, 540 A.2d 988 (Pa. Cmwlth. 1988). Moreover, Claimant seeks these subpoenas in an attempt to prove he was not convicted. (Claimant's brief at 12.) However, neither the referee nor the Board ever found that Claimant was convicted. (*See* Referee's F.F. at 7, Board's F.F. at 7.) For the foregoing reasons, Claimant's argument regarding the subpoenas is without merit.

We now turn to Claimant's arguments concerning the substantive merits of the Board's decision. Claimant argues that the Board erred in denying him benefits under Section 402(e) of the Law, 43 P.S. § 802(e). Claimant maintains that he had good cause for violating Employer's attendance policy because he was not able to make any phone calls while imprisoned. Claimant also argues that the Board's findings are not supported by substantial evidence and that Employer provided numerous fraudulent responses.

---

[6] To the extent Claimant asserts error or prejudice as a result of the referee's consideration of this case under Section 402(e) of the Law, 43 P.S. § 802(e), (Claimant's brief at 3, 10), we find none. Claimant asserted in his Internet Initial Claims form that he was discharged, and the Notice of Hearing listed willful misconduct under Section 402(e) of the Law, 43 P.S. § 802(e), as an issue. (C.R., Item No. 2, ¶ 10 & Item No. 9.)

[7] *See* Section 506 of the Law, 43 P.S. § 826; 34 Pa. Code § 101.31.

Whether an employee's actions constitute willful misconduct is a question of law subject to review by this Court. *Reading Area Water Authority v. Unemployment Compensation Board of Review*, 137 A.3d 658, 661 (Pa. Cmwlth. 2016). For purposes of determining a discharged employee's eligibility for UC benefits, the employer bears the burden of proving that the employee engaged in willful misconduct connected with his work. *See* Section 402(e) of the Law, 43 P.S. § 802(e); *Eshbach v. Unemployment Compensation Board of Review*, 855 A.2d 943, 947 (Pa. Cmwlth. 2004). Willful misconduct has been defined as conduct that represents a wanton or willful disregard of an employer's interests, a deliberate violation of the employer's rules, a disregard of standards of behavior that the employer can rightfully expect from its employees, or negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations. *Eshbach*, 855 A.2d at 947 n. 6. Where a charge of willful misconduct is based on the violation of a work rule, the employer must prove the existence of the rule and its violation. *Eagle v. Unemployment Compensation Board of Review*, 659 A.2d 60, 62 (Pa. Cmwlth. 1995). Once an employer establishes a prima facie case of willful misconduct, the burden shifts to the claimant to prove good cause for his or her actions. *McKeesport Hospital v. Unemployment Compensation Board of Review*, 625 A.2d 112, 114 (Pa. Cmwlth. 1993).

"Absence from work due to pre-trial incarceration is not, itself, willful misconduct." *Bruce v. Unemployment Compensation Board of Review*, 2 A.3d 667, 671 (Pa. Cmwlth. 2010); *see also Hawkins v. Unemployment Compensation Board of Review*, 472 A.2d 1191 (Pa. Cmwlth. 1984). "However, if the claimant fails to notify the employer about the absence in violation of a work rule, the absence may

6

constitute willful misconduct as a matter of law." *Bruce*, 2 A.3d at 671; *see also Anderson v. Unemployment Compensation Board of Review*, 564 A.2d 1046 (Pa. Cmwlth. 1989).

Claimant was not discharged for his incarceration; he was discharged for violating Employer's policy by failing to call Employer to report his intended absence. Claimant was charged with aggravated assault and incarcerated pre-trial from July 13, 2016, until his release on July 26, 2016. As a result, Claimant was absent from work. Employer's account Manager, Larry Smith, testified regarding Employer's call-in policy and that Claimant was aware of the policy. (C.R., Item No. 10, N.T. at 13.) Mr. Smith testified that after Claimant was a no-call, no-show for three days, Employer considered Claimant to have abandoned his job in accordance with Employer's policy. (C.R., Item No. 10, N.T. at 10, 13.) Additionally, Claimant admitted he was aware of Employer's policy. (C.R., Item No. 10, N.T. at 14.) Mr. Smith also testified that neither Claimant nor anyone on his behalf called in to report Claimant off work, and that Employer did not know what happened to Claimant or his whereabouts.[8] (C.R., Item No. 10, N.T. at 10, 17.) This testimony constitutes substantial evidence to support the Board's finding that Claimant violated Employer's notification policy.

Nonetheless, Claimant argues he had good cause for violating Employer's notification policy, because he was unable to make any phone calls

---

[8] Claimant maintains that the referee did not allow him to question Mr. Smith. Our review of the record, however, shows that the referee explained cross-examination to Claimant and gave Claimant the opportunity to question Mr. Smith, but Claimant declined. (C.R., Item No. 10, N.T. at 14.)

7

while incarcerated. The Board, however, specifically found that Claimant's testimony in this regard was not credible. (Board's decision at 2.) It is well-settled that the Board is the arbiter of credibility and is free to accept or reject the testimony of any witness in whole or in part. *McCarthy v. Unemployment Compensation Board of Review*, 829 A.2d 1266, 1269-70 (Pa. Cmwlth. 2003). Claimant's allegation of error is nothing more than an attempt to argue his preferred version of the facts, and is without merit. Nor does Claimant suggest that he employed any alternative form of communication, such as having another person call in on his behalf or utilization of the mail while he was incarcerated. Similarly, Claimant's assertions that Employer made numerous false statements is without merit, because it is within the Board's province to determine what evidence to credit. *See id*.

Claimant also argues that he is entitled to benefits pursuant to *Hawkins*, which he asserts establishes an exception for willful misconduct where the absenteeism is due to incarceration. However, as stated, Claimant was not discharged for his incarceration; he was discharged for his failure to call Employer to report his intended absence in violation of Employer's policy. In *Hawkins*, a third party reported the claimant's absence to the employer during the claimant's period of incarceration. Here, Claimant's absence was never reported to Employer. Therefore, *Hawkins* is not controlling.

Lastly, Claimant argues that Employer did not prove that it placed calls to and left messages for Claimant prior to terminating him. However, Employer has no duty to contact Claimant and no burden to prove that it did.[9]

---

[9] To the extent Claimant asserts that Employer had such a duty under Section 402(a)(1) of the Law, 43 P.S. § 802(a)(1), this argument is misplaced. *See* n. 5 *supra*.

Accordingly, we affirm.

_____
J. WESLEY OLER, JR., Senior Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Yves A. Eliscar, : 
                Petitioner : 
                 : 
         v. : No. 157 C.D. 2017
                 : 
Unemployment Compensation : 
Board of Review, : 
                Respondent : 

# O R D E R

AND NOW, this 3rd day of November, 2017, the December 5, 2016 order of the Unemployment Compensation Board of Review is hereby affirmed.

_____
J. WESLEY OLER, JR., Senior Judge